**STATE PUBLIC SCHOOL BUILDING AUTHORITY to the use of VALLAMONT PLANING MILL CO., Plaintiff,**

v.

**MARYLAND CASUALTY COMPANY, Defendant.**

**Civ. A. No. 5070.**

United States District Court,
M. D. Pennsylvania.
Jan. 19, 1955.

Hull, Leiby & Metzger, Harrisburg, Pa., for plaintiff.

J. M. McCandless, Pittsburgh, Pa., Carl Rice, Sunbury, Pa., for defendant.

FOLLMER, District Judge.

The State Public School Building Authority is a corporation created by the State to perform certain State functions, 24 P.S.Pa. § 791.1 et seq. Vallamont Planing Mill Co. is a Pennsylvania corporation with its principal place of business at Williamsport, Pennsylvania, in this district. The Maryland Casualty Company is a Maryland corporation licensed to do a general surety business in the Commonwealth of Pennsylvania with an office for the transaction of business in Harrisburg, Pennsylvania, in this district. The contractor, principal on the bond, has his residence and place of business in Warren County in the Western District of Pennsylvania. The Maryland Casualty Company is surety on a material and labor bond issued to the State Public School Building Authority for the benefit of those furnishing material or labor in the construction of a school building in Erie County in the Western District of Pennsylvania. Vallamont alleges it furnished materials for which it has not been paid.

The State Public School Building Authority Act provides, 24 P.S.Pa. § 791.10, that a construction contract shall be accompanied by a "bond for the protection of those who furnish labor and material" and that all construction contracts shall provide "that any person or corporation furnishing such materials or rendering such services may maintain an action to recover for the same against the obligor in the undertaking as though such person or corporation was named therein, * * * ."

As to the venue in a suit of this nature instituted in the courts of the State, it is provided in a general statute, Act of March 22, 1911, P.L. 23, § 1, 8 P.S.Pa. § 156 as follows:

> "Suits on bond given by surety company; venue
>
> "When any corporation, whether of this or any other State, shall become surety in a bond given for the faithful performance of any duty or contract by any person, partnership, or corporation as principal, suit upon said bond, against such corporation as surety, may be brought in the county in which such duty or contract was to be performed, or in the county in which such principal resided or had his or its principal place of business at the time of the execution of such bond." [1]

---

1. Comment in footnote to this section is "The provisions of this section, insofar as relating to venue of actions on performance bonds, are deemed not suspended or affected by the Rules of Civil Procedure relating to 'Corporations and Similar Entities as Parties.' See Rules of Civil Procedure, Rule 2198, Appendix to Title 12, Civil and Equitable Remedies and Procedure."

Defendant moves to dismiss, contending that since the place of performance is Erie County and the place where the principal resides and has its principal place of business is Warren County, both in the Western District of Pennsylvania, the action in the Federal Court must be instituted in the Western District.

Defendant's argument is based upon the premise announced in Guaranty Trust Co. v. York, 326 U.S. 99, 108, 65 S.Ct. 1464, 1469, 89 L.Ed. 2079, that for purposes of diversity *jurisdiction* a Federal Court is "in effect, only another court of the State, * * *."

As pointed out in Woods v. Interstate Realty Co., 337 U.S. 535, 538, 69 S.Ct. 1235, 1237, 93 L.Ed. 1524,

"* * * The York case was premised on the theory that a right which local law creates but which it does not supply with a remedy is no right at all for purposes of enforcement in a federal court in a diversity case; that where in such cases one is barred from recovery in the state court, he should likewise be barred in the federal court. The contrary result would create discriminations against citizens of the State in favor of those authorized to invoke the diversity jurisdiction of the federal courts. It was that element of discrimination that Erie R. Co. v. Tompkins [304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188] was designed to eliminate."

Venue requirements, however, must not be confused with jurisdictional issues. The principle is clearly stated in McCoy v. Siler, 3 Cir., 205 F.2d 498, 499, that "A state cannot by legislation modify or repeal a Congressional statute on the venue of federal courts." [2]

Defendant concedes "This action is by Vallamont Planing Mill Company, as plaintiff, although the name of the state authority is used in conjunction with the designation of the real plaintiff apparently incorrectly named as a use plaintiff." [3]

The venue is determined by 28 U.S.C. § 1391 which provides:

"(a) A civil action wherein jurisdiction is founded only on diversity of citizenship may, except as otherwise provided by law, be brought only in the judicial district where all plaintiffs or all defendants reside.

* * * * * *

"(c) A corporation may be sued in any judicial district in which it is incorporated or licensed to do business or is doing business, and such judicial district shall be regarded as the residence of such corporation for venue purposes."

Here the plaintiff is a resident of this district. Here also the defendant is both licensed to do business and is doing business in this district. The Western District, where defendant contends the venue to be, is in accord with what has been said as to the effect of a provision in the State statute as to the counties where suit may be instituted. Chief Judge Gourley in Claditis v. Wainwright, D.C.W.D.Pa., 119 F.Supp. 739, 740, involving the Pennsylvania Non-Resident Motorist Act, said:

"Since service was secured pursuant to the provisions of the Pennsylvania Non-Resident Motorist Act which requires that any suit instituted in the State Courts must be brought in the county in which the cause of action arose, it is contended that venue does not lie in the Western District, 75 P.S.Pa. § 1201, as modified by Pennsylvania Rules of

---

2. See also Olberding v. Illinois Central Railroad Co., Inc., 346 U.S. 338, 74 S.Ct. 83, 98 L.Ed. 39; Steel Motor Service, Inc., v. Zalke, 6 Cir., 212 F.2d 856 (where State statute designated the county for suit); Buffington v. Vulcan Furniture Mfg. Corp., D.C.W.D.Ark., 94 F.Supp. 13.

3. But even if contended otherwise, the result would be the same since the "Authority" would fall within the category of a citizen of Pennsylvania and a resident of this district.

Civil Procedure, Rules 2076–2082, 12 P.S.Appendix.

\* \* \* \* \* \*

"In view of the fact that all the plaintiffs, in the case at bar, are residents of the Western District, it would appear that venue lies in this district in conformity with provision of United States law. The federal provision thus enunciated would bar plaintiffs from seeking relief in the federal courts in the Middle District, and it would prove an anomaly to remand the plaintiffs to the Middle District when venue would not lie."

It follows that defendant's motion to dismiss the complaint must be denied.