A. Milton MILLER and Har-
riette Lazarus

v.

Rebecca August MILLER

and

The Miller Company

and

Archie Levy.

Civ. A. No. 21693.

United States District Court
E. D. Pennsylvania.

March 14, 1957.

Fox, Rothschild, O'Brien & Frankel.
Philadelphia, Pa., for plaintiffs.

Malis, Malis & Malis, Philadelphia,
Pa., for defendants.

GRIM, District Judge.

Plaintiff A. Milton Miller, claiming to
be the owner of 200 shares of common
stock of The Miller Company, has
brought this diversity action against the
corporation, his deceased father's widow,

and the person named as executor in the father's will, for equitable relief with respect to the shares of stock. Plaintiff Harriette Lazarus, Milton's sister, has joined him in this action, seeking similar relief with respect to an entirely different lot of 200 shares of Miller Company stock, of which she claims to be the owner. Defendants have moved to dismiss.

Diversity of citizenship is clearly averred between the plaintiffs and the defendants. One of the grounds on which defendants have based their motion to dismiss is that this court is without jurisdiction of the action for the reason that the complaint fails to aver that the amount in controversy exceeds $3,000 as to each plaintiff, 28 U.S.C.A. § 1332.

The complaint is silent as to the value of the stock. The only averment of the amount in controversy is, substantially in the words of Official Form 2: "6. The amount in controversy, exclusive of interests and costs, is in excess of Three Thousand Dollars ($3,000.00)." "This constitutes good pleading of this jurisdictional fact, unless the rest of the complaint qualifies * * * this allegation so that it cannot be said that jurisdiction appears from the face of the complaint, taken as a whole." 2 Moore's Federal Practice, Sec. 8.11, p. 1638.

■ If either plaintiff had brought this action without joining the other, the averment of the amount in controversy would be clear. The averment, made in general terms, is rendered ambiguous by the joinder of two parties plaintiff asserting causes of action which are separate and distinct from each other although based on alleged facts which are in many ways akin. From the face of the complaint, therefore—there being no averment of the value of the stock each plaintiff claims—it cannot be said that the amount in controversy between either plaintiff on one hand and the defendants on the other exceeds $3,000, and it follows that there is a failure to aver that this court has jurisdiction.

■ The complaint, however, will not be dismissed, since plaintiffs should have an opportunity to file an amended complaint properly averring, if the facts justify it, the existence of the jurisdictional amount, Bell v. Preferred Life Assurance Society, 1943, 320 U.S. 238, 64 S.Ct. 5, 88 L.Ed. 15.

■ Defendants further urge that the action be dismissed on the ground that jurisdiction over the controversy has been exercised by a Pennsylvania court, the Orphans' Court of Philadelphia County, and that under the circumstances the principles of comity should induce a Federal court to decline jurisdiction.

At the present time it appears that a hearing has been held before the Register of Wills of Philadelphia County on a caveat filed against the probate of the deceased father's will, and that the Register has not yet rendered a decision. It does not appear that he has granted letters to any executor or administrator to administer the estate.

The Register of Wills and the Orphans' Court are by no means synonymous.

While the Orphans' Court has jurisdiction over appeals from decisions of the Register,[1] it does not appear at this time that there has been any appeal. The Orphans' Court, therefore, has not taken jurisdiction of the matter here in controversy either originally, over a fiduciary subject to its supervision, or on appeal from the Register. Without deciding whether this action ought to be dismissed or stayed if the jurisdiction of the Orphans' Court had attached, I can say that no reason appears to exist at this time for this federal court to refuse to accept jurisdiction.

And now, to wit, March 14, 1957, the motion to dismiss is denied and plaintiffs are given leave to file an amended complaint in accordance with this opinion within 20 days from this date.

1. Register of Wills Act of 1951, Sec. 208, 20 P.S. § 1840.208.