Patricia DENNIS and Joseph Dennis, her husband, Carmella Dennis and Angelo Dennis, her husband, in his own right and as Guardian of Kathleen Dennis, a minor, and Robert Dennis, a minor,

v.

Andrew GALVANEK
and
Fishback Trucking Company.

Civ. A. No. 6409.

United States District Court
M. D. Pennsylvania.

March 12, 1959.

Wollman, Tracey, Schlesinger & Salus, Philadelphia, Pa., Garber & Garber, Carlisle, Pa., for plaintiffs.

Caldwell, Fox & Stoner, Harrisburg, Pa., for defendant, Andrew Galvanek.

Hull, Leiby & Metzger, Harrisburg, Pa., for defendant, Fishback Trucking Co.

FOLLMER, District Judge.

The plaintiffs are citizens of Pennsylvania, residing at Philadelphia in the Eastern District of Pennsylvania. The defendant Galvanek is a citizen of and residing in New Jersey. The other defendant, Fishback Trucking Company, is an Ohio corporation. The action is predicated upon a motor vehicle accident alleged to have occurred on the Pennsylvania Turnpike within the Middle District of Pennsylvania. Service was had under the Pennsylvania Non-Resident Motorist Act (75 Pa.P.S. § 1201 et seq.).[1]

■ Galvanek moves to dismiss on the contention that "since all of the plaintiffs are residents of Philadelphia, the Eastern District is the proper forum. The fact that the accident occurred in the Middle District will not give jurisdiction to this Court."

The diversity requirements for jurisdiction exist in this action. The question is solely as to venue which, as the defendant Galvanek contends, is in the Eastern District where the plaintiffs reside and not in the Middle District where the accident occurred. No purpose would be served by attempting to add to the discussion of Chief Judge Gourley of the Western District of Pennsylvania in Claditis v. Wainwright, D.C.W.D.Pa., 119 F.Supp. 739, and of Judge Marsh of that District in Berkey v. Rockwell Spring & Axle Company, D.C.W.D.Pa., 162 F.Supp. 493.[2]

■ The defendant Fishback Trucking Company likewise moves to dismiss, relying on Olberding v. Illinois Central R. Co., 346 U.S. 338, 74 S.Ct. 83, 98 L.Ed. 39, as well as the opinion of our own Court of Appeals in McCoy v. Siler, 3 Cir., 205 F.2d 498, and deduces

therefrom that the action must be dismissed.

Plaintiffs seek relief under 28 U.S.C.A. § 1406(a) which provides:

"The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought."

In the Olberding and McCoy cases, supra, the question of transfer was not discussed. Moreover the action in Olberding was in Kentucky by an Illinois corporation against an Indiana truck owner and in McCoy by an Iowa resident in Pennsylvania against residents of North Carolina. Whether the statute of limitations was involved does not appear, but it is clear that different problems influencing any exercise of discretion by the court would have been presented there.

In the present action the complaint alleges September 23, 1956 as the date of the accident. The complaint was filed September 18, 1958. The action being by Pennsylvania citizens in Pennsylvania with reference to an accident in Pennsylvania, we will assume for the present purposes that the Pennsylvania two year statute, 12 P.S. § 34, would apply. No transfer can be had to the district of residence of either defendant since there would be no venue.[3] There is venue in the Eastern District where the plaintiffs could have originally instituted the action on an accident occurring in Pennsylvania.[4] As pointed out by Judge Kraft in Wilt v. Smack, D.C.E.D.Pa., 147 F.Supp. 700, 704, in this type of situation "the interests of justice would appear to require transfer rather than dismissal

1. Hess v. Pawloski, 274 U.S. 352, 47 S.Ct. 632, 71 L.Ed. 1091; Giffin v. Ensign, 3 Cir., 234 F.2d 307.

2. Cf. State Public School Bldg. Authority to Use of Vallamont Planing Mill Co. v. Maryland Cas. Co., D.C.M.D.Pa., 127 F. Supp. 902.

3. McNutt v. United Gas, Coke & Chemical Workers of America, C.I.O., D.C. W.D.Ark., 108 F.Supp. 871, 875.

4. Cf. Giffin v. Ensign, 3 Cir., 234 F.2d 307.

where the latter would terminate rights without a hearing on the merits."

An order will accordingly be entered transferring this case to the Eastern District of Pennsylvania.