Wesley B. EVENS
v.
Frank LANGAN (correctly known as Eugene Francis Langan, Jr.)
Civ. A. No. 26264.

United States District Court
E. D. Pennsylvania.
Oct. 26, 1959.

494

Richter, Lord & Levy, Meyer A. Bushman, Philadelphia, Pa., for plaintiff.

E. Dyson Herting, Philadelphia, Pa., for defendant.

KRAFT, District Judge.

Plaintiff, a passenger in defendant's automobile, seeks in this action to recover damages for personal injuries which he sustained when the automobile operated by defendant ran off the highway and collided with a concrete abutment.

The case is before us on defendant's motion to dismiss on the ground of improper venue.

The accident happened in Chester County, Pennsylvania. Defendant is a citizen of the State of Maryland. Plaintiff is a citizen of the State of New Jersey. Wholly by inadvertence, however, it was averred in the complaint that plaintiff was a resident and citizen of Upper Darby, Pennsylvania in this District.

It is obvious, then, that venue was improperly laid in this jurisdiction. We are not persuaded, however, that the action should be dismissed. The applicable law is found in 28 U.S.C.A. § 1406(a) which provides:

"The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought."

The accident occurred May 21, 1957. Suit was not instituted until April 28, 1959. Our reasoning in Wilt v. Smack, D.C., 147 F.Supp. 700, at page 704 is equally applicable to the circumstances of the instant case:

"Under this provision, the United States District Court in Delaware, in lieu of ordering dismissal, could have transferred the case to this district and thus preserved the action against the intervention of the bar of limitations statute. Indeed, the interests of justice would appear to require transfer rather than dismissal where the latter would terminate rights without a hearing on the merits. The District Court of Delaware evidently concluded that plaintiff's rights were protected by the Journey's Account Statute and that its dismissal of the action would not, therefore, prejudice plaintiff."

Accordingly, we enter the following

## Order

Now, October 26, 1959, it is ordered and decreed that defendant's motion to dismiss is denied, and the action is transferred to the United States District Court for the District of Maryland.