**Allen A. GOLD, Plaintiff,**

v.

**Ann GRIFFITH, d/b/a Ann Griffith Produce and Billy J. McCray, Defendants.**

Civ. No. 1165.

United States District Court
N. D. Indiana,
Fort Wayne Division.

Dec. 28, 1960.

Abe Latker, Gilmore Haynie of Campbell, Livingston, Dildine & Haynie, Ft. Wayne, Ind., for plaintiff.

Otto Grant, Jr., of Barrett, Barrett & McNagny, Ft. Wayne, Ind., for defendants.

GRANT, District Judge.

This matter is before the Court on defendant's consolidated Motion to Quash the Summons, the Return of Summons by the Marshal, and to Dismiss The Action Because of Improper Venue.

The defendant contends that the Clerk of the Court was without authority to issue summons to the Marshal of the Southern District of Indiana, who in turn served the defendants in Vincennes, Indiana, the place of their residence. The summons itself reveals that it was first received by the Marshal in South Bend, Indiana, and then transmitted for service to the Marshal for the Southern District of Indiana.

■ The defendant's Motion in this regard is without merit. Rule 4(f) of the Federal Rules of Civil Procedure, 28 U.S.C., provides as follows:

"Territorial Limits of Effective Service. *All process* other than a subpoena *may be served anywhere within the territorial limits of the state in which the district court is held* and, when a statute of the United States so provides, beyond the territorial limits of that state." (Emphasis supplied.)

There can be little dispute at this late date over the question of validity of service of process made by a United States Marshal in a different district within the same state as that wherein is located the District Court in which the action is filed. The service of process is not governed by the venue requirement existing in diversity cases. That this has not always been so is evidenced by the following passage quoted from 1 Barron and Holtzoff 740 (1960):

"* * * the * * * clear and explicit provision for service of

process 'anywhere within the territorial limits of the state within which the district court is held,' was promptly questioned and in a number of early cases was held to be limited by the traditional principles governing the venue of actions in diversity cases.

"In these cases service was said to be ineffectual to bring the defendant within the district if process, though personally served within the state, was delivered outside of the district or if the officer or designated agent of a foreign corporation was served within the state but in another district, or if service on a nonresident motorist was made by delivery of process to the Secretary of State at his office in another district.

"But all these cases have been overruled and all doubts as to this provision of the rule have been settled. The rule is valid and within the rule-making power of the Supreme Court. It does not abridge, enlarge or modify the substantive rights of any litigant nor enlarge the venue. It is not inconsistent with * * * statutory provisions with respect to jurisdiction or venue."

Defendant's Motion to Dismiss for Lack of Venue does have substantial merit. Plaintiff is a citizen of the State of New York. Defendants are all citizens of Indiana, with their places of residence being in Vincennes, Indiana, the same being located within the designated boundaries of the Southern District of Indiana. Hence, it is clear that venue does not exist in this Court short of a waiver thereof by the defendants. However, rather than dismiss the action, reference is made to 28 U.S.C. § 1406(a) wherein it is stated:

"The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, *or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought.*" (Emphasis supplied.)

Inasmuch as the two-year Statute of Limitations for actions for personal injuries has already run in this case (the automobile collision having occurred on July 22, 1957 and the action having been filed July 20, 1959), in lieu of ordering dismissal, the Court feels that "the interests of justice would appear to require transfer rather than dismissal where the latter would terminate rights without a hearing on the merits." Wilt v. Smack, D.C.E.D.Pa.1957, 147 F. Supp. 700, 704. See also, Dennis v. Galvanek, D.C.M.D.Pa.1959, 171 F.Supp. 115, 116.

Accordingly, the defendants' consolidated Motion to Quash and Dismiss is denied and this cause is hereby ordered transferred to the United States District Court for the Southern District of Indiana, wherein proper venue exists and in which district the action could have been brought originally.