Joseph CHORYAK, Plaintiff,

v.

Nicholas A. PETRICK and Paul A. Mankovich, Defendants.

Civ. No. 7446.

United States District Court
M. D. Pennsylvania.

Feb. 18, 1963.

Michael Hahalyak, Pittsburgh, Pa., for plaintiff.

O'Malley, Morgan, Bour & Gallagher, Scranton, Pa., for defendants.

SHERIDAN, Chief Judge.

This is a motion by defendants to dismiss the complaint for lack of jurisdiction over the subject matter and lack of venue.

Plaintiff, a citizen of Michigan, claims damages for personal injuries arising out of an automobile accident which occurred on November 2, 1959, near Harrisburg, Pennsylvania, within this district. Defendants are citizens of Pennsylvania.

Defendants move to dismiss the complaint (1) for lack of jurisdiction over the subject matter because the complaint alleges that, exclusive of interest and costs, the matter in controversy exceeds the sum of $3,000, rather than $10,000, as provided by 28 U.S.C.A. § 1331; and (2) for lack of venue because the defendants, Petrick and Mankovich, reside, respectively, in Pittsburgh, Pennsylvania, and Latrobe, Pennsylvania, both within the Western District of Pennsylvania, and, therefore, venue is improperly placed under the provisions of 28 U.S. C.A. § 1391.

■ Plaintiff, in his brief, states that his medical bills and loss of earnings exceed $10,000 and that the pleadings can readily be amended to show compliance with the jurisdictional amount; however, the plaintiff has not submitted such an amendment. As to venue, plaintiff contends that since the accident occurred within this district, venue is properly placed by virtue of the Pennsylvania Motor Vehicle Code, 75 P.S. § 1303, which provides that all civil actions for damages arising from the use and operation of any vehicle may be brought in the county where the damages were sustained.

The prerequisites for federal jurisdiction in diversity cases is set forth in 28 U.S.C.A. § 1332(a), which provides:

"(a) The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $10,000, exclusive of interest and costs * * *."

The plaintiff must plead affirmatively whatever is essential to federal jurisdiction, including the amount in controversy. Benner v. Interstate Dress Carriers, Inc., M.D.Pa.1955, 129 F.Supp. 768. Prior to the amendment of § 1332 in 1958, the jurisdictional amount was $3,000.

■ The complaint should not be dismissed for this formal defect, but rather the plaintiff should be given an opportunity to amend his complaint. Rule 15, Fed.R.Civ.P.; Miller v. Miller, E.D.Pa.1957, 149 F.Supp. 693; Longsdorf v. Pennsylvania Greyhound Lines, Inc., M.D.Pa.1956, 148 F.Supp. 476, 478. Plaintiff alleges extensive personal injuries of a permanent nature, and in view of the statements in his brief, it appears that he will be able to allege the required jurisdictional amount.

28 U.S.C.A. § 1391 provides in part:

"(a) A civil action wherein jurisdiction is founded only on diversity of citizenship may, except as otherwise provided by law, be brought only in the judicial district where all plaintiffs or all defendants reside."

Under the clear wording of this section, venue would not properly be in this district, since neither the plaintiff nor the defendants reside here. Plaintiff's argument that § 1303 of the Pennsylvania Motor Vehicle Code, 75 P.S., permits him to bring the action where the damage was sustained is without merit. A state cannot by legislation modify or expand a Congressional statute on the venue of federal courts. McCoy v. Siler, 3 Cir., 1953, 205 F.2d 498; Davis v. Smith, E.D.Pa.1954, 126 F.Supp. 497. The district court of the district in which the accident occurred, absent residence of either the plaintiffs or defendants in that district, lacks venue. See Claditis, v. Wainwright, W.D.Pa.1954, 119 F. Supp. 739; Dennis v. Galvanek, M.D.Pa. 1959, 171 F.Supp. 115.

■ The accident occurred on November 2, 1959. The complaint was filed on November 1, 1961. The action is filed in Pennsylvania against citizens of Pennsylvania for an accident which occurred in this State. Venue was in the Western District of Pennsylvania, but plaintiff mistakenly filed his action in this district. If the action is dismissed, plaintiff in a new action may be barred by the Pennsylvania two year statute of limitation. 12 P.S. § 34. Title 28 U.S.C.A. § 1406 provides in part:

"(a) The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought."

The interest of justice requires that this action be transferred to the Western District of Pennsylvania. See Dennis v. Galvanek, supra; Wilt v. Smack, E.D.Pa.1957, 147 F.Supp. 700; Evens v. Langan, E.D.Pa.1959, 178 F.Supp. 493.

An appropriate order will issue.