OLBERDING, DOING BUSINESS AS VESS TRANSFER
CO., ET AL. *v.* ILLINOIS CENTRAL
RAILROAD CO., INC.

No. 27. Argued October 15, 1953.—Decided November 9, 1953.

*William L. Mitchell* argued the cause for petitioners.
With him on the brief were *William C. Welborn* and
*Milford M. Miller.*

*James G. Wheeler* argued the cause for respondent. With him on the brief were *Joseph H. Wright, Chas. A. Helsell, John W. Freels* and *Thomas J. Marshall, Jr.*

MR. JUSTICE FRANKFURTER delivered the opinion of the Court.

For present purposes the facts may be briefly stated. The railroad brought suit in the United States District Court for the Western District of Kentucky against Olberding, the owner of a truck, which, while on temporary business in Kentucky, collided with an overpass of the railroad, causing a subsequent derailment. Jurisdiction was based on diversity of citizenship, plaintiff being an Illinois corporation and Olberding a citizen of Indiana. Olberding was apprised of the action through service of process on the Secretary of State in Frankfort, Kentucky, according to the Kentucky Non-resident Motorist Statute.* He entered a special appearance and moved that the case be dismissed on the ground of improper venue. The motion was overruled and the case went to trial, resulting in a verdict for the plaintiff. The Court of Appeals for the Sixth Circuit affirmed, 201 F. 2d 582. Its ruling on venue, in the situation here presented, is in direct conflict with that of the First Circuit in *Martin*

---

*Ky. Rev. Stat., 1953, §§ 188.020–188.030. The Kentucky statute, like the one upheld in *Hess* v. *Pawloski,* 274 U. S. 352, in substance provides that a non-resident motorist who operates his automobile on the state's highways makes the Secretary of State his agent for service of process in any civil action arising out of such operation. There is also set up a procedure for serving the summons on the Secretary of State, who in turn is to notify the non-resident defendant by registered mail.

On the other hand, the statute under consideration in *Kane* v. *New Jersey,* 242 U. S. 160, specifically required the non-resident motorist to register his vehicle annually and formally to designate the Secretary of State an agent upon whom process might be served. Penalties were provided for use of the state's roads without complying with these requirements.

v. *Fischbach Trucking Co.*, 183 F. 2d 53, with which the Third Circuit has recently agreed, *McCoy* v. *Siler*, 205 F. 2d 498. To resolve the conflict, we granted certiorari. 345 U. S. 950.

This is a horse soon curried. Congress, in conferring jurisdiction on the district courts in cases based solely on diversity of citizenship, has been explicit to confine such suits to "the judicial district where all plaintiffs or all defendants reside." 28 U. S. C. § 1391 (a). This is not a qualification upon the power of the court to adjudicate, but a limitation designed for the convenience of litigants, and, as such, may be waived by them. The plaintiff, by bringing the suit in a district other than that authorized by the statute, relinquished his right to object to the venue. But unless the defendant has also consented to be sued in that district, he has a right to invoke the protection which Congress has afforded him. The requirement of venue is specific and unambiguous; it is not one of those vague principles which, in the interest of some overriding policy, is to be given a "liberal" construction.

It is not claimed that either the corporate plaintiff or the individual defendant here was a "resident" of Kentucky. The sole reason why the plaintiff was allowed to bring this action in the federal court of Kentucky was that a consent to be sued in that state was attributed to the defendant. And this attribution was then made the basis of a waiver of his rights under the federal venue provision. Concededly the defendant did not in fact consent. He impliedly consented, so the argument runs, to be sued in the federal court of Kentucky simply by driving his automobile on the highways of Kentucky, which has the familiar statute holding non-resident motorists amenable to suit for accidents caused by their negligent operations within the State.

It is true that in order to ease the process by which new decisions are fitted into pre-existing modes of analy-

sis there has been some fictive talk to the effect that the reason why a non-resident can be subjected to a state's jurisdiction is that the non-resident has "impliedly" consented to be sued there.  In point of fact, however, jurisdiction in these cases does not rest on consent at all.  See Scott, Jurisdiction over Nonresident Motorists, 39 Harv. L. Rev. 563.  The defendant may protest to high heaven his unwillingness to be sued and it avails him not. The liability rests on the inroad which the automobile has made on the decision of *Pennoyer* v. *Neff*, 95 U. S. 714, as it has on so many aspects of our social scene.  The potentialities of damage by a motorist, in a population as mobile as ours, are such that those whom he injures must have opportunities of redress against him provided only that he is afforded an opportunity to defend himself.  We have held that this is a fair rule of law as between a resident injured party (for whose protection these statutes are primarily intended) and a non-resident motorist, and that the requirements of due process are therefore met.  *Hess* v. *Pawloski*, 274 U. S. 352.  But to conclude from this holding that the motorist, who never consented to anything and whose consent is altogether immaterial, has actually agreed to be sued and has thus waived his federal venue rights is surely to move in the world of Alice in Wonderland. The fact that a non-resident motorist who comes into Kentucky can, consistent with the Due Process Clause of the Fourteenth Amendment, be subjected to suit in the appropriate Kentucky state court has nothing whatever to do with his rights under 28 U. S. C. § 1391 (a).

This conclusion is entirely loyal to the decision and reasoning of *Neirbo Co.* v. *Bethlehem Corp.*, 308 U. S. 165. There the defendant, a Delaware corporation, was sued by a non-resident of New York in the United States District Court for the Southern District of New York, and we found the venue requirements of what is now 28 U. S. C. § 1391 (a) satisfied because Bethlehem had designated

an agent in New York "upon whom a summons may be served within the State of New York." 308 U. S., at 175. We held that this constituted an "actual consent" to be sued in New York, not the less so because it was "part of the bargain by which Bethlehem enjoys the business freedom of the State of New York." *Ibid.* We further held, following *Ex parte Schollenberger,* 96 U. S. 369, 377, that this consent extended to all courts sitting in New York, both federal and state. Of course this doctrine would equally apply to an individual defendant in situations where a state may validly require the designation of an agent for service of process as a condition of carrying on activities within its borders, and such designation has in fact been made. See *Kane* v. *New Jersey,* 242 U. S. 160. But here no such designation was required or made, and hence the *Neirbo* case has no applicability.

The judgment is

*Reversed.*

MR. JUSTICE DOUGLAS concurs in the result.

MR. JUSTICE REED, with whom MR. JUSTICE MINTON joins, dissenting.

The unfortunate effect of this decision on federal venue, its uniformity and availability, in so important a field as torts by out-of-state motorists, causes me to dissent from the views of the Court. Under *Neirbo Co.* v. *Bethlehem Corp.,* 308 U. S. 165, a different doctrine of venue would be applied to motor torts committed by foreign corporations doing business in a state than is applied to an individual motorist driving his own car through a state. From the opinion I would assume that a corporation not doing business in a state but causing a car to be driven therein would be immune from suits for torts in the federal courts in that state. The decision bars a nonresident injured party from seeking damages, on allegation of

diversity, from a nonresident motor operator or owner in the United States District Court having jurisdiction over the place of the accident in which the motor vehicle is involved.

No question is or can now be raised against the constitutionality of the Kentucky statute to secure the presence of an out-of-state motorist in the state courts to respond to damages. It is the form generally approved for protection against out-of-state wrongdoers by motor operation, and is not subject to attack for lack of due process.[1] The

[1] *Hess* v. *Pawloski*, 274 U. S. 352. The statute there involved so far as pertinent read:

"The acceptance by a non-resident of the rights and privileges conferred by section three or four, as evidenced by his operating a motor vehicle thereunder, or the operation by a non-resident of a motor vehicle on a public way in the commonwealth other than under said sections, shall be deemed equivalent to an appointment by such non-resident of the registrar or his successor in office, to be his true and lawful attorney upon whom may be served all lawful processes in any action or proceeding against him, growing out of any accident or collision in which said non-resident may be involved while operating a motor vehicle on such a way, and said acceptance or operation shall be a signification of his agreement that any such process against him which is so served shall be of the same legal force and validity as if served on him personally." Mass. Acts 1923, c. 431, § 2.

In *Neirbo Co.* v. *Bethlehem Corp.,* 308 U. S. 165, the provision was for a designation by the corporation "of the secretary of state as its agent upon whom all process in any action or proceedings against it may be served within this state." McKinney's N. Y. Laws, Gen. Corp. Law, § 210.

The Kentucky statute in this case reads:

"Any nonresident operator or owner of any motor vehicle who accepts the privilege extended by the laws of this state to nonresidents to operate motor vehicles or have them operated within this state shall, by such acceptance and by the operation of such motor vehicle within this state, make the Secretary of State his agent for the service of process in any civil action instituted in the courts of this state against the operator or owner arising out of or by reason of any accident or collision or damage occurring within this state in which the motor vehicle is involved." Ky. Rev. Stat., 1953, § 188.020.

single issue decided by the Court is that such process does not waive venue under 28 U. S. C. § 1391 (a):

"A civil action wherein jurisdiction is founded only on diversity of citizenship may, except as otherwise provided by law, be brought only in the judicial district where all plaintiffs or all defendants reside."

The provision was substantially the same when the *Neirbo* case was decided. The clause then read:

". . . but where the jurisdiction is founded only on the fact that the action is between citizens of different States, suits shall be brought only in the district of the residence of either the plaintiff or the defendant." 28 U. S. C. (1946 ed.) § 112.

In *Neirbo* we held that since the foreign corporation had consented to be sued in the courts of the state, the consent extended to the federal courts sitting in the state. 308 U. S., at 171, 175. The same reasoning that led to the subjection of foreign corporations to federal litigation in the *Neirbo* case leads me to the conclusion that the out-of-state motorist should likewise be so held. The motor car has lengthened the radius of the individual's activities. We have upheld the constitutional power of the states to compel redress of wrongs, through the use of the automobile, at the place of their happening. It is done through the consent of the party benefiting from his privilege to use the highways of the state. The District Courts have consistently ruled that the appointment of an agent for service of process by driving on state highways is a waiver of federal venue.[2]

---

[2] *Falter* v. *Southwest Wheel Co.,* 109 F. Supp. 556; *Archambeau* v. *Emerson,* 108 F. Supp. 28; *Jacobson* v. *Schuman,* 105 F. Supp. 483; *Kostamo* v. *Brorby,* 95 F. Supp. 806; *Burnett* v. *Swenson,* 95 F. Supp. 524; *Thurman* v. *Consolidated School Dist.,* 94 F. Supp. 616; *Urso* v. *Scales,* 90 F. Supp. 653; *Steele* v. *Dennis,* 62 F. Supp. 73; *Krueger* v. *Hider,* 48 F. Supp. 708. Contra: *Waters* v. *Plyborn,* 93 F. Supp. 651.

I see no difference of substance between the signing of a paper under the New York statute upon which *Neirbo* is based and the acceptance, by action in driving a motor car, of the privilege of using state highways under the Kentucky statute. In each case there was no federal venue except by waiver and consent. Both the Bethlehem Corporation and this out-of-state motorist, in my opinion, waived objection to federal venue. The *Hess* case determined that the difference between the "formal and implied appointment" of an agent for service "is not substantial" under the Due Process Clause. 274 U. S., at 357.[3] The *Neirbo* case held that consent to service on an agent for service of process waived objection to federal venue. The same rule if applied to this situation would achieve a like desirable result, trial at the logical place, the location of the incident that gives rise to the cause of action.

I would affirm the judgment.

---

[3] Cf. *Knott Corp.* v. *Furman*, 163 F. 2d 199. In this case plaintiff, a citizen of Massachusetts, sued the corporation in the United States District Court for the Eastern District of Virginia, for injuries received during a hotel fire. The defendant, a Delaware corporation, operated the hotel on a United States military reservation. No written appointment of any state officer as agent for service of process had been filed by the corporation. Venue was challenged and the Fourth Circuit ruled that the corporation had waived the federal venue provisions under a statute which read:

"3. If any such company shall do business in this State without having appointed the Secretary of the Commonwealth its true and lawful attorney as required herein, it shall by doing such business in the State of Virginia be deemed to have thereby appointed the Secretary of the Commonwealth its true and lawful attorney for the purposes hereinafter set forth." Va. Code, Supp. 1946, § 3846a. The language of this statute is certainly analogous to that of the Kentucky statute, n. 1, *supra*.