**Alonzo B. IMUS and Louisa A. Imus, Plaintiffs,**

v.

**HEMINGWAY BROTHERS INTER-STATE TRUCKING COMPANY, et al., Defendants.**

**Civ. No. 4742.**

United States District Court, D. Connecticut.

Feb. 24, 1954.

---

Charles H. Fischer, Jr., West Haven, Conn., for plaintiffs.

Philip R. Shiff, New Haven, Conn., for defendants.

SMITH, Chief Judge.

This case is before us on defendant's motion to dismiss the action, a suit for personal injuries and property damage incurred in an auto collision on a Connecticut highway resulting from the defendant driver's alleged negligence. The motion is based on the ground of improper venue under 28 U.S.C. § 1391(a) since the plaintiffs here are citizens of the State of Michigan, and the defendants citizens of the State of Massachusetts. Defendant corporation, however, doing business in Connecticut, appointed the Secretary of State its agent for service of process in 1937 pursuant to what is now Section 1058b of the 1951 Supplement to the Connecticut General Statutes.

Defendant's motion is based on the recent decision of the Supreme Court in Olberding v. Illinois Central R. Co.,

1953, 346 U.S. 338, 74 S.Ct. 83, 98 L.Ed. 39. In that case, also brought under the diversity statute, 28 U.S.C. § 1391(a), an Illinois corporation brought suit against an Indiana truck owner in the Federal District Court in Kentucky. Claiming that the accident involved occurred in Kentucky, plaintiff had served defendant pursuant to a Kentucky statute which provided in substance that a non-resident motorist who operated his automobile on the state's highways made the Secretary of State his agent for service of process in any civil action arising out of such operation, Ky.Rev.Stat. 1953, §§ 188.020–188.030. The Kentucky statute did not require the designation of an agent for the service of process, and defendant made no such designation.

Mr. Justice Frankfurter, delivering the opinion of the court, ruled that the motion to dismiss by defendant on the ground of improper venue should have been granted. Since 28 U.S.C. § 1391 (a) was only a limitation designed for the convenience of litigants, it could be waived by them. Defendant, however, by driving on the highways of Kentucky could not be considered to have waived his right to object to improper venue. The fact that he could be sued in a state court under the non-resident motorist statute without any violation of the due process clause of the Fourteenth Amendment had nothing to do with his rights under 28 U.S.C. § 1391(a).

However, the opinion did not purport to overrule a prior case, Neirbo Co. v. Bethlehem Shipbuilding Corp., 1939, 308 U.S. 165, 60 S.Ct. 153, 84 L.Ed. 167. There, in a suit for relief in regard to the sale of certain properties, a plaintiff, a non-resident of New York, commenced proceedings against the defendant, a Delaware corporation, in the United States District Court for the Southern District of New York. The venue requirements of what is now 28 U.S.C. § 1391(a) were found to be satisfied because Bethlehem had designated an agent in New York for service of process in that state pursuant to a New York statute substantially similar to the Connecticut statute for foreign corporations here. McKinney's New York Consol. Laws, c. 23, Gen.Corp.Law, § 210. Mr. Justice Frankfurter, who had also written the majority opinion in Neirbo, distinguished that case by stating that designation of an agent under the New York corporation statute there constituted "actual consent" to be sued in both the state and federal courts in New York. Since no designation was required or made under the Kentucky non-resident motorist statute in Olberding, the conclusion was felt to be loyal to the Neirbo decision.

The Neirbo doctrine applies to the situation as to the corporate defendant before us. As a requirement of carrying on business activities here, defendant designated the Secretary of State its agent for service of process pursuant to the Connecticut statute. Such process applies to a motor collision suit by the reasoning in the two decisions discussed above, and by the language of the statute whereby process may be served against the foreign corporation "in any action or proceeding against it". See Section 1058b, supra.

The motion to dismiss is therefore denied as to the corporation, granted as to the individual defendant.