## RHYNE v. PIGOTT.
### Civ. No. 6197.
United States District Court
W. D. New York.

July 8, 1954.

John T. Collins, Buffalo, N. Y., for plaintiff.

Brown, Kelly, Turner & Symons, Buffalo, N. Y., Ogden R. Brown, Buffalo, N. Y., of counsel, for defendant.

KNIGHT, Chief Judge.

Defendant has moved "for an order vacating or otherwise nullifying the service of the note of issue served by the plaintiff * * *," and for an order dismissing this action upon the grounds that it appears upon the face of the complaint that the plaintiff is a resident of the State of North Carolina and a nonresi-

dent of this District and State and the defendant is a resident of the State of New Jersey and a nonresident of this District and State.

Plaintiff has moved for an order granting a preference to the above-entitled action on the jury trial calendar.

All of the motions were made returnable at the same day and hour and counsel were heard.

■ The motion to set aside the service of the note of issue is granted as being premature for lack of joinder of issue, no answer having been served by defendant.

■ The motion for preference is denied for the reason assigned with respect to the note of issue that it is premature.

The motion to dismiss the complaint for lack of jurisdiction will now be considered. On the oral argument defendant directed attention to the title of the action in the caption and the allegations of the complaint contained in paragraphs "1", and "2" with respect to residence of the parties, and relied on 28 U.S.C. § 1391(a).

■■ Referring to the summons and complaint, it appears that the title recites the post-office addresses of the parties. The cause of action alleged is for negligence of the defendant in the operation of his automobile in the Town of Amherst, Erie County, New York; that plaintiff is a resident of the State of North Carolina and the defendant is a resident of the State of New Jersey. Neither the rules of this Court, nor Rule 4(b) of the Federal Rules of Civil Procedure, 28 U.S.C., require residence of the parties to be stated in the title of the action. The caption does not presume to state the strictly defined "residence" of the parties but merely the subscription of the post-office addresses of the attorney, or if no attorney appears, then the address of plaintiff. The form used in the title of this action seems to have been adopted by the draftsman from the usage· common to the New York State practice. Defendant has not consented to the jurisdiction of the Court. Absent defendant's consent, the provisions of 28 U.S.C. § 1391(a) apply. Olberding v. Illinois Central R. Co., 346 U.S. 338, 74 S. Ct. 83; Martin v. Fischbach Trucking Co., 1 Cir., 183 F.2d 53; Kilpatrick v. Texas & P. Ry. Co., 2 Cir., 166 F.2d 788.

Neirbo Co. v. Bethlehem Shipbuilding Corp., 308 U.S. 165, 60 S.Ct. 153, 158, 84 L.Ed. 167, is not in point as defendant had designated an agent "upon whom a summons may be served within the State of New York", which the Court there held to constitute defendant's actual consent to the jurisdiction of all Courts within the State of New York.

In Kane v. New Jersey, 242 U.S. 160, 37 S.Ct. 30, 61 L.Ed. 222, the corporate defendant was required to designate an agent as a condition to doing business within the State of New Jersey.

Defendant's motions to set aside note of issue and to dismiss plaintiff's complaint are granted. Plaintiff's motion for a preference is denied. Present order accordingly.