**COOKE**

v.

**FORD MOTOR CO. et al.**

No. 8667.

United States District Court, W. D. Missouri, W. D.

July 27, 1954.

Hilary A. Bush, Kansas City, Mo., for plaintiff.

E. E. Thompson, Kansas City, Mo., for defendant.

WHITTAKER, District Judge.

This is an action for damages for bodily injuries claimed to have been suffered by the plaintiff through the joint tort (vicarious as to the defendant Ford Motor Company) of the defendants, through the alleged negligent operation by the defendant, Frey, as agent of defendant, Ford Motor Company, of

an automobile on the highways of Missouri.

The defendant, Ford Motor Company, is alleged and admitted to be a citizen and resident of the state of Delaware, but licensed to do business in the state of Missouri, and it has answered.

The plaintiff is alleged and admitted to be a citizen and resident of the state of Kansas. The defendant, Frey, is alleged and admitted to be a citizen and resident of the state of Michigan. The defendant, Frey, was served with process, through the Secretary of State of Missouri, under the, so-called, Missouri Non-Resident Motorists Act, Sections 506.200 to 506.320, RSMo 1949, V.A.M.S. He has moved to dismiss the case as to him on the ground of improper venue. That motion is the matter now before me for decision.

Answering the question, we point to the fact that Section 1391 (a), Title 28, U.S.C.A., provides that "A civil action wherein jurisdiction is founded only on diversity of citizenship may, except as otherwise provided by law, be brought only in the judicial district where *all* plaintiffs or *all* defendants reside". (Italics supplied.) Congress was thus explicit to confine such suits to "the judicial district where all plaintiffs or all defendants reside." Here the plaintiff resides in the state of Kansas and outside this district, and the defendant, Frey, resides in the state of Michigan and outside this district, and, hence, neither the plaintiff nor "all defendants" reside in this district and, therefore, there is no venue in this court over the defendant Frey, and I must recognize and respect his objection to our venue. This point has recently been thoroughly settled by the Supreme Court in Olberding v. Illinois Central R. Co., 346 U.S. 338, 74 S.Ct. 83.

It follows that the motion of the defendant, Frey, to dismiss this action as to him on the ground of improper venue must be, and it is hereby, sustained. So ordered.