**Martha DRAPKIN and Bennett Drapkin, Plaintiffs,**

**v.**

**Thaddeus KEENE and Leslie J. Hawkins, Defendants.**

United States District Court,
S. D. New York.
Feb. 10, 1955.

Louis Gelman, New York City, for plaintiffs.

James E. Whalen, New York City, for defendant Thaddeus Keene. Baier, Chamberlin & Hartig, New York City, for defendant Leslie J. Hawkins.

BICKS, District Judge.

Plaintiffs, both residents of the State of New Jersey, instituted this suit to recover damages for personal injuries sustained in an automobile accident which occurred in the Northern District of New York. One of the defendants is a resident of the Commonwealth of Pennsylvania and the other of the State of New York (Western District).

The Pennsylvania defendant moves under Title 28 U.S.C.A. § 1406(a) [1] to dismiss the action on the ground that the venue is wrongly laid in the Southern District of New York. Plaintiff, apparently recognizing the soundness of movant's position, urges that the case be transferred to the Western District of New York. The defendant resident in said district joins in plaintiff's application. Plaintiff overlooks that the power of the Court in the circumstances is circumscribed and that a transfer may be ordered only to "any district or division in which [the action] could have been brought". Section 1391(a) Title 28 U.S.C.A. provides that "A civil action wherein jurisdiction is founded only on diversity of citizenship may * * * be brought only in the judicial district where *all* plaintiffs or *all* defendants reside." (Emphasis supplied.) The Western District of New York therefore, like the Southern District, is not the proper venue.

A non-resident individual who operates a motor vehicle on the highways of the State of New York is deemed to have appointed the Secretary of State of the State of New York his attorney upon whom may be served the summons in any action against him growing out of any accident in which he is involved while operating a motor vehicle in this state and to have agreed that any such summons against him which is so served shall be of the same legal force and validity as if served personally upon him within the State and within the territorial jurisdiction of the Court from which the summons issues. New York Vehicle & Traffic Law, McKinney's Consol.Laws, c. 71, § 52. In Olberding v. Illinois Central R. Co., 346 U.S. 338, at page 341, 74 S.Ct. 83, at page 86, 98 L.Ed. 39, the Supreme Court held: "The fact that a non-resident motorist who comes into Kentucky can, consistent with the Due Process Clause of the Fourteenth Amendment, be subjected to suit in the appropriate Kentucky state court has nothing whatever to do with his rights under 28 U.S.C. § 1391(a)". In the absence of consent to be sued in a particular district the Pennsylvania defendant herein has a right to invoke the protection of 28 U.S.C. § 1391(a), and to insist that suit be laid in a proper venue.

Since the defendants are not residents of New Jersey they are not amenable to

---

1. "§ 1406. Cure or waiver of defects

"(a) The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought."

process there and, though both plaintiffs reside in New Jersey, the action could not have been brought in that district. Transfer to the District Court for the State of New Jersey, would therefore be improper[2].

Accordingly, the motion to dismiss the action is granted.

2. See Foster-Milburn Co. v. Knight, 2 Cir., 1950, 181 F.2d 949.