Thomas O. MARSHALL, Jr., Administrator of the Estate of Ned Marshall, Deceased, Plaintiff,

v.

MOLE CONSTRUCTORS, a corporation, The Baltimore & Ohio Railroad Company, a corporation, and John H. Gordon, Defendants.

Civ. A. No. 18216.

United States District Court
W. D. Pennsylvania.

April 21, 1961.

McArdle, Harrington & McLaughlin, Pittsburgh, Pa., for plaintiff.

Pringle, Bredin & Martin, Pittsburgh, Pa., for Mole Constructors.

Mercer & Buckley, Pittsburgh, Pa., for B. & O. R. R.

Reed & Egler, Pittsburgh, Pa., for John H. Gordon.

**618**

GOURLEY, Chief Judge.

In this action for damages arising under the Wrongful Death and Survival Statutes of Pennsylvania, 12 P.S. § 1601 et seq.; 20 P.S. § 320.601 et seq., in which divers defendants are named, Mole Constructors, a corporation and a party defendant, moves to dismiss the complaint directed against it for the reason that this court is without jurisdiction.

Counsel for the Baltimore and Ohio Railroad Company, a corporation, and John H. Gordon, defendants, appeared and took no position on said motion.

The sole question presented is whether a joint venture, the components of which are residents of other states, which registers to conduct business in Pennsylvania pursuant to the provisions of 54 Pa.P.S. § 81 et seq., confers citizenship on such joint venture for jurisdictional purposes.

It is not disputed that the plaintiff is a resident of Ohio, and that Mole Constructors, a corporation, is a joint venture composed of four New Jersey Corporations, one Ohio Corporation and a partnership organized in New Jersey, which registered pursuant to the Act of July 11, 1957 to do business in Pennsylvania, 54 Pa.P.S. § 81 et seq. Plaintiff asserts that the joint venture's principal place of business is Baltimore, Maryland.

It would appear that registration under the Act of 1957 to conduct business in Pennsylvania, as analogous to the operator of a motor vehicle in Pennsylvania under the provisions of the non-resident motorist statute, would confer jurisdiction upon this court where the requirements of diversity and jurisdictional amount have been met.

■ We are, however, confronted with the further provision of law which provides that a civil action wherein jurisdiction is founded only on diversity of citizenship may, except as otherwise provided by law, be brought only in the judicial district where all plaintiffs or all defendants reside, 28 U.S.C.A. § 1391(a).

■ A state cannot by legislation modify or repeal a congressional statute on the venue of federal courts. Olberding et al. v. Illinois Central Railroad Co., 346 U.S. 338, 74 S.Ct. 83, 98 L.Ed. 39; McCoy v. Siler et al., 3 Cir., 205 F.2d 498

■ On the other hand, it is very clear that the venue provision may be waived. Thus, the question presents itself whether defendants' privilege to be sued where either the plaintiff or defendant reside has been waived by anything they have done. Waiver, it is well established, can be by conduct as well as by expressed consent. Thus a corporation waives the venue provisions by designating a state officer to receive service of process. Neirbo Co. et al. v. Bethlehem Shipbuilding Corp., 308 U.S. 165, 60 S.Ct. 153, 84 L.Ed. 167.

As this Circuit has recognized, there is a real distinction between the cases where a party in fact gives consent to suit by appointing an officer of the state to receive process and a case where the party is drawn into court willy-nilly without any manifestation of consent on his part. McCoy v. Siler et al., supra.

■ An operator of a motor vehicle, by the mere act of crossing a state's boundary, has not thereby "waived" the provision of a federal statute which gives him the privilege of being sued in certain places only. Such a conclusion would be a fictitious and illogical jump.

■■ But, on the other hand, a foreign corporation by registration evidences its intention to conduct business in a certain state, being thereby subject to service of process in said state, and consenting thereby to be sued in the courts of said state, federal as well as state, has thereby brought about a state of facts to waive venue and elevate such corporation to the stature of citizenship for jurisdictional purposes.

Motion of defendant, Mole Constructors, a corporation, to dismiss the complaint will be refused.

An appropriate Order is entered.