871

Gladys Florence MANNING, a citizen of
Florida, Plaintiff,

v.

Ross MANNING, a citizen of South
Carolina, Defendant.

Civ. A. No. 61-395.

United States District Court
W. D. Pennsylvania.

Sept. 13, 1961.

Taylor, McNaugher & Duerring, Pittsburgh, Pa., for plaintiff.

Kountz, Fry & Meyer, Pittsburgh, Pa., for defendant.

GOURLEY, Chief Judge.

In this diversity action based upon a support agreement entered between a husband and wife, the question is posed as to whether under the provisions of 28 U.S.C.A. § 1406(a) in the interests of justice this action should be transferred to the Southern District of Florida.

Based upon the allegations of the complaint, which this Court in evaluating a motion to dismiss is required to accept as true, plaintiff alleges that she is a resident of Florida and that defendant is a resident of South Carolina. Defendant contends in his answer that he is a resident of Florida.

It is not in dispute that defendant was formally served by the United States Marshal within the confines of the Western District of Pennsylvania.

In view of plaintiff being a resident of the State of Florida, and defendant being a resident of South Carolina and/or Florida, it is apparent that venue does not exist in this Court. Olberding v. Illinois Central R. Co., 346 U.S. 338, 74 S.Ct. 83, 98 L.Ed. 39.

The question is posed, therefore, that where venue does not exist in a cause of action filed in a United States District Court, does said District Court have the authority to transfer said action to another jurisdiction under the doctrine of forum non conveniens where defendant has not waived venue?

This Court is governed by 28 U.S.C.A. § 1406(a) which provides as follows:

"(a) The district court of a district in which is filed a case laying

venue *in the wrong division or district* shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." (Emphasis supplied.)

It appears apparent upon a reading of said statute that where venue is not properly laid in this District, the Court in the interest of justice may transfer such case to any district in which said action could have been brought. Freiday v. Cowdin, D.C., 83 F.Supp. 516.

Justice requires that the plaintiff should have her rights adjudicated. I shall, therefore, direct that the above civil action be transferred to the United States District Court for the Southern District of Florida, Miami Division.

An appropriate order is entered.