Irwin M. BROWN, Appellant,

v.

Raymond G. PYLE,[7] Jr., Appellee.

No. 19515.

United States Court of Appeals
Fifth Circuit.

Nov. 16, 1962.

96

Roger H. Fellom, New Orleans, La., for appellant.

Cary E. Bufkin and Satterfield, Shell, Williams & Buford, Jackson, Miss., for appellee.

Before RIVES, CAMERON and BROWN, Circuit Judges.

JOHN R. BROWN, Circuit Judge.

■ The sole issue on this appeal is whether a federal court has jurisdiction of a suit arising out of an automobile collision in the forum state, the plaintiff claiming venue under a state nonresident motorist statute, neither of the parties residing in the forum state. We hold that the United States District Court,

while having the required jurisdiction to hear such a suit, correctly dismissed the petition of plaintiff because of improper venue.

Plaintiff, a resident of Louisiana, and defendant, a resident of Missouri, had an automobile collision in Lauderdale County, Mississippi. Involved here is the Mississippi statute [1] which allows service on a nonresident motorist through service on the Mississippi Secretary of State and provides that the action may be maintained in either the county where the cause of action accrued or in the county where the plaintiff resides. The plaintiff here sued defendant in the United States District Court for the Southern District of Mississippi and service was on the Secretary of State by a United States Marshal (rather than by the sheriff of Hinds County, Mississippi, as the statute provides). The defendant, by proper motion, challenged the jurisdiction of the court on the ground of improper venue. The trial court sustained the defendant's motion and dismissed the suit.

■ In order to invoke the jurisdiction of the federal courts, a complainant must conform to the statutory requirements establishing such jurisdiction. Jurisdiction is not to be confused with venue. Jurisdiction is the power to hear and determine a cause—the power to adjudicate. The court below had this power in that there was a complete diversity of parties coupled with the necessary amount involved. Venue is the place where that power may be exercised. In diversity cases, venue is controlled by 28 U.S.C.A. § 1391(a). It provides that "a civil action wherein jurisdiction is founded only on diversity of citizenship may * * * be brought only in the judicial district where all plaintiffs or all defendants reside."

■ This does not mean that the federal court does not have the power to adjudicate the matter. Rather, it confers a personal privilege on the parties which can be expressly waived or impliedly waived by conduct. "If the stat-

1. Mississippi Rev.Code § 9352-61 (1942).

utory rule [28 U.S.C.A. § 1391(a)] is not followed, the action may not be maintained, against an objecting defendant, regardless of the fact that the court may have jurisdiction of the subject matter, and regardless of where the cause of action arose." 1 Barron & Holtzoff, Federal Practice and Procedure § 74 (Wright Ed. 1960).

The language of the venue statute is plain. It is applied with like positiveness in nonresident automobile substituted-service situations. The case of Olberding v. Illinois Central R. R. Co., 1953, 346 U.S. 338, 74 S.Ct. 83, 98 L.Ed. 39, is directly controlling. In that case, the plaintiff sought to use a state nonresident motorist statute to establish venue in a federal court in the state where the accident occurred, neither plaintiff nor defendant being residents of that state. The Court held that the action was improperly laid in the federal court; that although an out-of-state driver is said to have consented to the jurisdiction of the state courts, there is nothing to indicate that such a driver has waived his federal venue rights. In fact, to reach such a conclusion "is surely to move in the world of Alice in Wonderland." Id. at 341, 74 S.Ct. at 86. This same result was reached in Lied Motor Car Co. v. Maxey, 1953, 8 Cir., 208 F.2d 672. Barron & Holtzoff (Wright Ed. 1960) consider that the waiver from the compulsory appointment of the state officer as agent for service of process is now "good only in the state courts." Vol. 1, § 88, p. 450. This is so since "the cases

which held that the waiver of venue was as effective in federal courts as in the state courts can no longer be regarded as good precedents." Id. at p. 451.[2]

However, the plaintiff here seeks to distinguish Olberding on the grounds that the nonresident motorist statute in that case did not contain express venue provisions, whereas the Mississippi statute in this case does contain such provisions. Further he urges that using the "outcome-determinative" test of Guaranty Trust Co. v. York, 1945, 326 U.S. 99, 65 S.Ct. 1464, 89 L.Ed. 2079, the state statute is a matter of substantive law which must be applied by the federal courts under the Erie[3] doctrine. Condensed, this test means that "the outcome of the litigation in the federal court should be substantially the same as it would be if tried in a state court."[4] Admittedly, the "outcome" we have decided upon here is different than if the case had been brought in a state court, and for the purposes of this decision we may assume, without deciding, that the Mississippi statute is a matter of so-called substantive law. However, the "outcome-determinative" test is not the sole controlling factor. The Supreme Court in Byrd v. Blue Ridge Rural Elec. Coop., Inc., 1958, 356 U.S. 525, 78 S.Ct. 893, 2 L.Ed.2d 953, indicated that there are "countervailing circumstances" of federal policy which will override the state law even though it be "outcome-determinative." See Monarch Ins. Co. v. Spach, 1960, 5 Cir., 281 F.2d 401. In many respects our federal court system

2. In his 1948 text, Professor Moore, with a good deal of support, took the position, as did many others, that where a nonresident motorist is involved in an accident within the state, he has consented to be sued in the state courts, and likewise, he has consented to be sued in a federal court in that state and has waived any objection to venue. 3 Moore's Federal Practice 2128 (2d ed. 1948) citing, among others, Krueger v. Hider, D.C.1943, 48 F.Supp. 708 and Steele v. Dennis, D.C. 1945, 62 F.Supp. 73. The dissent in Olberding v. Illinois Central R. R. Co., 1953, 346 U.S. 338, at 344, 74 S.Ct. 83, at 87, 98 L.Ed. 39, stating that "the District

Courts have consistently ruled that the appointment of an agent for service of process by driving on state highways is a waiver of federal venue," and citing these and other District Court cases in support thereof makes quite clear that the Court rejected these decisions. This is not discussed in Moore's Supplements to volume 3. However, Olberding is mentioned as having an effect on the Neirbo rule of waiver. 1 Moore's Federal Practice 1923 (2d ed. 1961).

3. Erie R. R. Co. v. Tompkins, 1938, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188.

4. Note, 39 Texas L.Rev. 680, 682 (1961).

pendent system established for .it of litigants who could not oth- .vail themselves of a state court. It ... so a court system of limited and well-defined jurisdiction with the place of trial prescribed to carry out policies which Congress regards as important for a national system. We need say no more than that Congress has established the venue of federal courts in diversity of citizenship cases which will prevail over the venue provisions of a state nonresident motorist statute.

Affirmed.