Matthew J. BONATH, Jr., Arlayne Bonath, and Tammy Bonath, a minor by Matthew J. Bonath, Jr., her guardian

v.

AETNA FREIGHT LINES, INC., a corporation

v.

Hilda DALESANDRO, Administratrix of the Estate of Alfred P. Dalesandro, Deceased.

Civ. A. No. 63–163.

United States District Court
W. D. Pennsylvania.

July 31, 1963.

John E. Evans, Jr., Pittsburgh Pa., for plaintiffs.

Frederick N. Egler, Pittsburgh, Pa., for defendant.

Joseph Weis, Jr., Pittsburgh, Pa., for third-party defendant.

GOURLEY, Chief Judge.

In this proceeding, the immediate matter before the Court relates to a motion to dismiss filed by the third-party defendant to an amended complaint in which the plaintiff claims the right to recover against the defendant originally named in the proceeding and the third-party defendant for damages which it is

alleged arise out of an accident which occurred June 21, 1962.

The plaintiffs are citizens of the State of Michigan, and the defendant and third-party defendant are citizens of the State of Ohio, and the accident occurred in Pennsylvania. The motor vehicles of the defendant and third-party defendant were being operated west on the Pennsylvania Turnpike and, due to the manner in which they were operated, the vehicle of the third-party defendant crossed the medial strip of said express highway and collided with the vehicle in which the plaintiffs were riding.

The following question is posed:

Where diversity of citizenship exists between the plaintiff and third-party defendant, does the venue statute apply to a complaint made by the plaintiff against the third-party defendant?

Plaintiff's contentions in support of the right to file the amended complaint are based on two separate and distinct theories of law:

A. The filing by the third-party defendant of her appointment as a foreign fiduciary within the jurisdiction of this Court constituted the Secretary of the Commonwealth as her attorney-in-fact upon whom service of process can be made.

█ Although the filing of the appointment of the foreign fiduciary was authorized by the law of Pennsylvania, 20 Pa.P.S. § 320.1101(1) et seq., which is the Fiduciaries Act of the Commonwealth of Pennsylvania of 1949, § 1103, this does not amount to a waiver of the venue statute since no affirmative action was taken on the part of the foreign fiduciary in designating the Secretary of the Commonwealth as an agent for service of process.

The circumstances are no different than what is experienced under the non-resident provisions of the Motor Vehicle Code of the Commonwealth of Pennsylvania where a resident of another state has occasion to operate his vehicle in the Commonwealth of Pennsylvania. Although said Code provides that the operation of the vehicle in the Commonwealth of Pennsylvania by a non-resident constitutes the Secretary of the Commonwealth as the agent upon whom service of process can be made, the venue privilege is not waived where the accident occurred between non-residents of the state in the Commonwealth of Pennsylvania. Olberding v. Illinois Central Railroad Co., 346 U.S. 338, 74 S.Ct. 83, 98 L.Ed. 39 (1953).

It is therefore my considered judgment that the venue privileges were not, under Pennsylvania Law or the laws of the United States, waived by the filing by the third-party defendant of her appointment as a foreign fiduciary within the jurisdiction of the Court.

█ B. Under the provisions of the Judicial Code and the Federal Rules of Civil Procedure, since the third-party defendant is properly before the Court, the venue statute does not have application.

One provision of the Judicial Code and two rules of the Federal Rules of Civil Procedure have direct relationship to the resolvement of the problem:

1. 28 U.S.C.A. § 1391(a) provides that a civil action where jurisdiction is founded only on diversity of citizenship may, except as otherwise provided by law, be brought only in the jurisdictional district where all plaintiffs or defendants reside.

2. Rule 14 provides, in part, that "[t]he plaintiff may assert any claim against the third-party defendant arising out of the transaction or occurrence that is the subject matter of the plaintiff's claim against the third-party plaintiff * * *."

262

3. Rule 82, Federal Rules of Civil Procedure, provides, "These rules shall not be construed to extend or limit the jurisdiction of the United States District Courts or the venue of actions therein."

Two learned and able textbook writers, in their commentaries, have expressed the view that where ancillary jurisdiction has been obtained against a third-party defendant in an action by a defendant as third-party plaintiff, since said third-party defendant is properly before the Court, the venue requirements which would fix venue in another jurisdiction in the case of an independent action, have no application. Moore's Federal Practice, Vol. 3, Sec. 14.28(3); Barron & Holtzoff, Sec. 424, p. 659–660, interpreting Rule 14 of F.R.Civ.P.

The matter has also been considered by two District Courts, which reach the opposite view. Abramovitch v. United States Lines, D.C., 174 F.Supp. 587 (1959), supports the view of the textbook writers, and Habina v. M. A. Henry Co., Inc., D.C., 8 F.R.D. 52, reaches the opposite conclusion.

Comment should be made that in view of the circumstances under which the accident occurred, in order to fairly, completely and fully evaluate the rights of the respective parties, and to avoid circuity and multiplicity of actions, all parties should be before the Court if the law requires or permits.

I conclude that a plaintiff can file an amended complaint against a third-party defendant without satisfying the venue requirements for an original cause of action for the reason that under the provisions of Rule 14(a), Federal Rules of Civil Procedure, this action and procedure is permitted and authorized.

The motion to dismiss the amended complaint of the plaintiff against the third-party defendant is denied.

An appropriate Order is entered.