AUBREY D. DIXON, PLAINTIFF, v.
MARTIN BOWDEN, DEFENDANT.

Superior Court of New Jersey
Law Division

Decided December 22, 1971.

*Mr. Sidney A. Brass* for plaintiff (*Messrs. Brass & Brass,* attorneys).

*Mr. Joseph Coult* for defendant (*Mr. Edward E. Kuebler,* attorney).

MEANOR, J. C. C. (temporarily assigned). An unusual series of calamities that has befallen this plaintiff gives rise to a novel question under the Unsatisfied Claim and Judgment Fund Law, *N. J. S. A.* 39:6–61 *et seq.*

On March 26, 1967 plaintiff, while stopped in his automobile, was struck in the rear by a vehicle operated by defendant. He was not in the course of his employment at the time. Judgment of liability because of this accident has already been entered for plaintiff.

On April 6, 1967, while at work as a chef, plaintiff collapsed. From the fall alone, plaintiff sustained some permanent injury. The cause of the fall was either heat exhaustion, which would be exclusively work-related, or brain damage suffered in the automobile accident which has left him with a resultant left hemiplegia. Plaintiff has never contended that this latter condition resulted from anything but the automobile accident.

The results of the fall at work, which would be compensable if caused either by the automobile accident brain injury or by heat exhaustion, *George v. Great Eastern Food Products, Inc.,* 44 *N. J.* 44 (1965), were the subject of a workmen's compensation award of 30% of total, or $10,800, plus $2,780.60 in medical expenses. Against this total of $13,580.60 petitioner was assessed a total of $981.50 for counsel fees, medical witness fees, and litigation expenses. Thus, plaintiff netted more than $10,000 from his compensation award for the consequences of the fall at work.

Since plaintiff deemed himself totally and permanently disabled mainly because of (1) a chronic pre-existing peptic ulcer; (2) the consequences of the automobile accident, and (3) the effects of the compensable fall at work, he made application to the so-called Two Percent Fund, *N. J. S. A.* 34:15–94 *et seq.* This application was consolidated with his claim petition for the accident of April 6, 1967. The judge of compensation, in addition to entering the award of 30% of total referred to above, found that petitioner was totally and permanently disabled and recommended that plaintiff

receive benefits from the Two Percent Fund. The automobile accident injuries were expressly included as an essential pre-existing condition leading to qualification for Two Percent Fund benefits. This recommendation was approved and plaintiff was awarded the difference between his 30% of total and 100% of total, or 315 weeks of compensation at $80 per week totaling $25,200.

It is not necessary here to go into the details of plaintiff's injury claim. Suffice it to say that he asserts that the automobile accident led to brain injury which caused his collapse at work; a serious visual impairment and left hemiplegia. The court has examined various medical reports and plaintiff unquestionably has respectable medical opinion to support his views. Defendant contests the assertions that the fall at work and the left hemiplegia are results of the automobile accident, but concedes that plaintiff in any event would be entitled to more than nominal damages.

Defendant, who is represented through the Unsatisfied Claim and Judgment Fund, is impecunious and has absconded. The question arises whether under the above circumstances plaintiff would be entitled to collect from the Unsatisfied Claim and Judgment Fund the proceeds, up to Fund limits, of the judgment he would receive after trial on damages. Plaintiff has no desire to go through an expensive trial only to receive an uncollectible judgment, and is willing to forego the case if he cannot recover from the Fund.

The Unsatisfied Claim and Judgment Fund Law is designed to pay up to limits of $10,000/$20,000 and $5,000 judgments caused by the tortious actions of uninsured automobile operators. This Fund is financed by a surcharge collected from those who register uninsured automobiles. The theory of the Two Percent Fund is to provide benefits according to the workmen's compensation schedules for those who are rendered totally and permanently disabled because of their last compensable accident combined with a pre-existing nonwork-related condition. It must be recognized that these brief, general descriptions of the two Funds are not

completely accurate. They will suffice for purposes of this opinion which does not call for a detailed analysis and history of either Fund. It is pertinent to point out, however, that the Two Percent Fund is made up of mandatory contributions by workmen's compensation insurers. *N. J. S. A.* 39:15-94. Both Funds are administered by the State.

To borrow a phrase from the late Justice Frankfurter, "(T)his is a horse soon curried."*

The issue arises because the Unsatisfied Claim and Judgment Fund Law provides that before payment can be made the injured plaintiff must show that he "is not a person covered with respect to such injury * * * by any workmen's compensation law. * * *." *N. J. S. A.* 39:6-70(a). This statute is quite clear that where benefits are payable under a workmen's compensation law and an uninsured motorist is liable in tort for the same injury, no collection on the tort judgment may be had from the Unsatisfied Claim and Judgment Fund. See *Shebell v. Strelecki,* 104 *N. J. Super.* 139 (App. Div. 1969).

That the Two Percent Fund is a workmen's compensation law is settled by *Bello v. Comm'r of Dept. of Labor and Industry,* 56 *N. J.* 41 (1970). All of the injuries for which plaintiff now seeks recovery have been compensated either by his workmen's compensation recovery against his employer or by his judgment against the Two Percent Fund. Thus, all of these injuries are covered by a "workmen's compensation law," and under *N. J. S. A.* 39:6-70(a) none of them can be the subject of a judgment which the Unsatisfied Claim and Judgment Fund is obligated to pay.

It must be remembered that the Unsatisfied Claim and Judgment Fund was not designed to make every claimant completely whole. It was created for the purpose of providing a source of limited recovery for those injured by

---

*Olberding v. Illinois Cent. R. Co.,* 346 *U. S.* 338, 340, 74 *S. Ct.* 83, 98 *L. Ed.* 39 (1953).

the torts of uninsured motorists. *N. J. S. A.* 39:6–70(a) emits an unequivocal intention to forego payment from this fund on account of injuries which are also the subject of a workmen's compensation recovery. The statute does not say that workmen's compensation rights will bar collection only if the Workmen's Compensation Law comes into play at the time of the tort of the uninsured motorist. The bar is against collection for an *injury* which is also the subject of a workmen's compensation award. This situation exists here. *N. J. S. A.* 39:6–70(a) will prevent collection from the Unsatisfied Claim and Judgment Fund of any award of damages plaintiff receives.

For the foregoing reasons, the complaint will be dismissed with prejudice, but without costs.