**GOGOLIN & STELTER,**
Plaintiff–Appellee,
Cross–Appellant,

v.

**KARN'S AUTO IMPORTS, INC., et al, Defendants,**

**First City Bank, Bellaire, N.A.,**
Defendant–Appellant,
Cross–Appellee.

No. 88–2360.

United States Court of Appeals,
Fifth Circuit.

Oct. 17, 1989.

Guy S. Lipe, Houston, Tex., for defendant-appellant, cross-appellee.

Joseph C. Blanks, Beaumont, Tex. and Charles Dewey Cole, Jr., Mineola, N.Y., for plaintiff-appellee, cross-appellant.

Before GARWOOD, JONES and SMITH, Circuit Judges.

EDITH H. JONES, Circuit Judge:

Procedural issues dominate our review of this commercial litigation, which resulted in a judgment for damages and punitive damages against First City Bank, Bellaire, N.A. (First City). We conclude that First City waived the right to object to the sufficiency of the assignment to Gogolin & Stelter of this cause of action. We further hold that venue was improperly retained in the Eastern District of Texas and the judgment must be vacated for that reason. Because the case will be remanded for transfer or dismissal, we do not reach most of the other issues raised by the parties.

## BACKGROUND

Karn's Auto Imports, Inc. (Karn's) contracted with Stelter G.m.b.H., a German export company, to purchase two Mercedes–Benz automobiles in 1985.[1] A standard method of financing this international transaction was arranged. The automobiles were shipped to the Port of Houston, while Stelter G.m.b.H. delivered shipping and collection documents for each of the cars to its German bank. The German bank forwarded these documents to First City, the banker for Karn's. First City was to hold the documents for delivery to Karn's only upon its payment of the purchase price for the automobiles. Things went smoothly until the last step of the transaction. It was alleged, and the jury found, that First City somehow negligently mishandled the documentation so that Karn's walked off with the autos and the certificates of title and never paid for them.

Suit was commenced against First City by Gogolin & Stelter in November 1986.[2] Because the case was filed in the Eastern District of Texas, while First City has its principal place of business in the city of Bellaire, a suburb of Houston in the Southern District of Texas, the bank immediately moved to dismiss for improper venue. This motion was denied.

Certain other pretrial events are significant for our purposes. First City's answer to the second amended complaint denied generally the allegations of Gogolin & Stelter, without, however, challenging its authority as an assignee of the cause of action originally owned by Stelter G.m.b.H. First City did not move to join Stelter G.m.b.H. as the real party in interest. Pretrial discovery did not elucidate the issue of the assignment, nor did the pretrial order, admittedly prepared in haste by both parties on the eve of trial, suggest that Gogolin & Stelter's status as assignee was in question. The only evidence at trial bearing on an assignment came from Thomas Stelter, who explained that Gogolin & Stelter,

---

1. Stelter G.m.b.H. purchased the autos from Gogolin & Stelter.

2. Gogolin & Stelter joined First City by filing its second amended complaint. Originally, Gogolin & Stelter had sued Karn's Auto Imports, Abe Karn and Benjamin Franklin Savings Association alleging that the savings and loan had released shipping and title documents for four other automobiles to Karn's before it had paid for them. Before First City was joined in the lawsuit, Benjamin Franklin Savings settled, and a default judgment was taken against Karn's Auto Imports. The Second Amended Complaint named Karn's Auto Imports and Abe and Anna Karn as additional defendants in the same claim for which First City was sued.

which was still owed money from its sale of the autos to Stelter G.m.b.H., would receive any recovery from the claim. At the close of plaintiff's case, however, First City moved for a directed verdict, asserting that Gogolin & Stelter had not proved that it was the assignee of the cause of action. Colloquy with the court on this motion was brief, and the motion was perfunctorily denied.

From the adverse judgment of approximately $85,000, First City has appealed.

## A. *The Real Party In Interest Defense*

First City initially contends that Gogolin & Stelter never proved that it was an assignee of Stelter's cause of action, hence it was not the real party in interest. The short answer to this contention is that if First City had any serious doubts about this—which is unlikely given that Gogolin & Stelter and Stelter share at least one principal—it should have raised the issue earlier in the trial process. It should not have awaited the time for a directed verdict motion.

■ Federal Rule of Civil Procedure 17(a) specifies that an action shall be prosecuted in the name of the real party in interest. The purpose of the rule is to prevent multiple or conflicting lawsuits by persons such as assignees, executors, or third-party beneficiaries, who would not be bound by res judicata principles. C. Wright & A. Miller, Federal Practice & Procedure § 1541, at 635 (1971) (hereafter, Wright & Miller). While the rule adopted this policy, it also anticipated that real party in interest disputes should arise rarely and ought to be easily resolved. Such disputes are likely to be evident to a defendant at the onset of suit, because he almost always knows whether he has been sued by the party who "owns" the claim. Consequently, the rule further provides:

> No action shall be dismissed on the ground that it is not prosecuted in the

name of the real party in interest until a reasonable time has been allowed after objection for ratification of commencement of the action by, or joinder or substitution of, the real party in interest . . .

Fed.R.Civ.P. 17(a).

It is thus contemplated that if a defendant objects to being sued by a party who does not have the right to pursue the claim in issue, the real party in interest will be able to step forward and assume the plaintiff's role. Moreover, the allowance of a reasonable time for joinder by the real party in interest necessarily suggests that objection will be raised when such joinder is practical and convenient. The earlier the defense is raised, the more likely that the high cost of trial preparation for both parties can be avoided if a real party in interest question is determined adversely to a plaintiff.

■ Surely it is inconsistent with the rule to raise a real party in interest defense for the first time on motion for directed verdict. A number of cases have held that the defense was waived when tardily asserted. *See, e.g., Hefley v. Jones,* 687 F.2d 1383, 1388 (10th Cir.1982) (assertion 16 days before trial is untimely); *McLouth Steel Corp. v. Mesta Mach. Co.,* 116 F.Supp. 689, 691 (E.D.Pa.1953), *aff'd on other grounds,* 214 F.2d 608 (3d Cir.), *cert. denied,* 348 U.S. 873, 75 S.Ct. 109, 99 L.Ed. 687 (1954). *See also* 6 Wright & Miller, *supra* p. 4, § 1554 (suggesting that defense be raised in responsive pleadings).

The policy and procedure of the rule were fulfilled when the trial court denied First City's motion for directed verdict, especially if First City "lay behind the log" until that point. We have no difficulty in concluding that it did. First City did not plead that Gogolin & Stelter was not a proper assignee of Stelter G.m.b.H.,[3] nor did it submit interrogatories or requests for admissions covering the question. The pretrial order, unfortunately prepared as

---

**3.** The defense of real party in interest is distinct from that of lack of capacity, Fed.R.Civ.P. 17(b). Lack of capacity must be raised by specific negative averment, Fed.R.Civ.P. 9(a), in order to avoid waiver. While pleading is not required to raise a real party in interest challenge, the specific procedure and policy outlined in rule 17(a) are equally amenable to finding waiver for an untimely assertion of the issue. *See* 6 Wright & Miller, *supra* p. 4, § 1554.

an afterthought on the eve of trial, did not address real party in interest. First City suggests that the issue was raised during the deposition of Thomas Stelter, but its reference is at best ambiguous. Contrary to the bank's assertion that the testimony regarding an oral assignment laid the groundwork for a contest on the issue, it could as easily have led Gogolin & Stelter to believe that First City, having inquired, was fully satisfied with the assignment.

First City finally argues that appellee itself broached the issue at trial by asking its representative whether Gogolin & Stelter was assigned Stelter's claim and by failing to object to First City's cross-examination on the subject. This argument is untenable; the concept of trial by consent, Fed.R.Civ.P. 15(b), should not be stretched so as to conflict with the procedure and policy prescribed by rule 17(a). In short, First City waived the defense by untimely assertion.[4]

## B. *Venue*

Plaintiff's second amended complaint alleged that plaintiff was a resident of the Federal Republic of Germany and all defendants (Karn's, Abe and Anna Karn, and First City) are residents of Harris County, Texas. These allegations demonstrate the impropriety of venue pursuant to 28 U.S.C. § 1391(a), which requires that all plaintiffs or all of the defendants reside in the judicial district where the suit is brought. Neither plaintiff nor defendants reside in the Eastern District of Texas, where suit was filed. Because Karn's and First City are corporations, venue might be satisfied under the provisions of 28 U.S.C. § 1391(c), as it was when suit was filed[5], or § 1392(a). At various times, Gogolin & Stelter has relied on each of these provisions. Neither provision supports venue in the Eastern District of Texas.

In the trial court, Gogolin & Stelter relied upon § 1391(c), which then provided:

A corporation may be sued in any judicial district in which it is incorporated or licensed to do business or is doing business, and such judicial district shall be regarded as the residence of such corporation for venue purposes.

Gogolin & Stelter argued that because First City is incorporated or licensed to do business in the state of Texas, our Circuit's law holds it subject to venue in any district in Texas. *Davis v. Hill Eng'g, Inc.*, 549 F.2d 314 (5th Cir.1977). This argument was misplaced, as First City pointed out, because it is a national banking association chartered pursuant to 12 U.S.C. § 21 (1982). National banking law authorizes First City to transact business only in the place designated in its certificate, which is outside the Eastern District of Texas. 12 U.S.C. § 36 (1982). Hence, First City was neither incorporated nor licensed to do business in the Eastern District of Texas.

Gogolin & Stelter also alleged in conclusory terms that First City must be "doing business" in the Eastern District of Texas. The Bank's response took two forms. First, an affidavit of a bank executive denied that First City "conducts business" in the Eastern District of Texas, and there is no evidence in the record challenging such denial. Additionally, First City demonstrated that federal law prohibits it from operating a branch in the Eastern District of Texas to the extent that federal law incorporates state law limitations on branch banking. 12 U.S.C. § 36(c) (1982); Tex. Const. art. XVI, § 16; Tex.Rev.Civ. Stat.Ann. art. 342–903 (Vernon Supp.1988).[6]

Because its legal and factual arguments stand unrefuted in the record before us, First City must prevail in contending that § 1391(c) does not support venue in the Eastern District of Texas. Why the dis-

---

**4.** Given our conclusion, it is unnecessary to address which party has the burden of proving real party in interest and whether Texas or German law should govern the issue.

**5.** Effective in February 1989, § 1391(c) has been significantly amended. We shall not speculate how the amendment would affect this litigation,

because the Reviser's Note indicates that the new law should apply to cases filed after that date. We find that Note persuasive.

**6.** Changes in Texas law made between 1986 and the present date, pertaining to branch banking, were not noted by the parties and do not in any event appear to be relevant to this case.

trict court decided to the contrary, we do not know, because he filed no memorandum opinion.

In any event, Gogolin & Stelter must have sensed the inadequacy of its position, because on appeal it contends only that venue may be supported by 28 U.S.C. § 1392(a), a little-used provision. Section 1392(a) states, in less than pellucid terms, that:

> Any civil action, not of a local nature, against defendants residing in different districts in the same State, may be brought in any of such districts.

Gogolin & Stelter now contends that because co-defendant Karn's was incorporated in Texas, it was a resident of each district in the state. *Davis v. Hill Engineering*, 549 F.2d at 314. Accordingly, although Abe and Anna Karn and First City resided only in Harris County for venue purposes and Karn's likewise had its business office there, suit could be brought in the Eastern District of Texas on the principle that the defendants were "residing in different districts in the same state." A few courts have so construed § 1392(a). *See, e.g., PI, Inc. v. Valcour Imprinted Papers, Inc.*, 465 F.Supp. 1218 (S.D.N.Y. 1979).

■ The other construction of § 1392(a), urged by First City, is that it was not intended to apply when the defendants all reside in one district for venue purposes, even though one of them may additionally reside in another district within the state. Resort to § 1392(a) is simply unnecessary where venue would be authorized by § 1391(a). This construction seems more consonant with the language of the provision and its underlying policy. By referring to defendants "residing in different districts in the same state," the statute may be said to exclude a case in which the defendants also reside in the same district. Moreover, this venue provision was intended to simplify a plaintiff's task by allowing suit in one district of a state even though the defendants resided in separate districts. 15 Wright & Miller, *supra* p. 4, § 3811, at 132 (1986 ed.). If all of the defendants reside in at least one district, there is no

point under this provision in permitting a plaintiff to avail itself of an additional district of venue. Nor should defendant A be required to travel to another district in the state when, although his co-defendant B may reside there, they both reside in A's home district. We follow the courts that have adopted First City's construction of § 1392(a). *Andrew H. v. Ambach*, 579 F.Supp. 85 (S.D.N.Y.1984); *Mazzella v. Stineman*, 472 F.Supp. 432 (E.D.Pa.1979). Venue was not proper in the Eastern District of Texas.

■ The remedy for this error is to vacate and remand the case with instructions that the district court transfer to a proper venue or dismiss it, in accordance with 28 U.S.C. § 1406(a). We thus held in a Miller Act case that had been tried in the wrong venue. *United States for the Use & Benefit of Harvey Gulf Int'l Marine, Inc. v. Maryland Casualty Co.*, 573 F.2d 245 (5th Cir.1978). Judge Rubin dissented in that case. He would have held that, given a lack of demonstrated prejudice to the defendant and the costs and time already sunk in trial, the harmless error rule should compel affirmance. 573 F.2d at 249–51. His dissent acknowledged, however, that prejudice would be inherent in the trial of a tort case before a jury in an improper venue. 573 F.2d 250.

Our court's authority on the remedy for improper venue springs from Justice Frankfurter's opinion in *Olberding v. Illinois Cent. R. Co.*, 346 U.S. 338, 74 S.Ct. 83, 98 L.Ed. 39 (1953). He observed that:

> ... unless the defendant has ... consented to be sued in that district, he has a right to invoke the protection which Congress has afforded him. The requirement of venue is specific and unambiguous; it is not one of those vague principles which, in the interest of some overriding policy, is to be given a "liberal" construction.

346 U.S. at 340, 74 S.Ct. at 85. The Supreme Court accordingly reversed a judgment entered for a plaintiff in a court of improper venue to which the defendant had neither consented nor waived his challenge.

### C. *Miscellaneous Issues*

Having resolved that the judgment must be vacated and the case remanded, we need not rule on issues specific to the trial including disputes over the designation of witnesses and introduction of certain affidavit and deposition testimony.

We have, however, reviewed the record and conclude that sufficient evidence existed to justify a jury finding that First City negligently handled the transaction involving the title documents to the two automobiles. *Boeing Co. v. Shipman*, 411 F.2d 365, 374 (5th Cir.1969) (en banc). We pretermit discussion of the sufficiency of evidence to sustain punitive damages and of the propriety of an award for attorneys' fees, inasmuch as those determinations depend heavily upon the character of the evidence and legal theories which may change in the new trial.

For the foregoing reasons, the judgment of the district court is VACATED and the case is REMANDED for transfer or dismissal as justified by 28 U.S.C. § 1406(a).

VACATED and REMANDED.