FILED
**United States Court of Appeals**
**Tenth Circuit**

**December 17, 2018**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

CEDRIC GREENE,

      Plaintiff - Appellant,

v.

LOGISTICARE SOLUTIONS, LLC,

      Defendant - Appellee.

No. 18-1291
(D.C. No. 1:18-CV-01218-LTB)
(D. Colo.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **LUCERO**, **HARTZ**, and **McHUGH**, Circuit Judges.
_____

Plaintiff Cedric Greene, proceeding pro se, appeals the dismissal of his complaint by the United States District Court for the District of Colorado. He claims that defendant Logisticare Solutions acted negligently and violated the Americans with Disabilities Act by failing to provide him with timely transportation for appointments with his doctors. Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.

_____

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

The district court dismissed Plaintiff's suit on the ground that it was barred under the doctrine of claim preclusion. "[C]laim preclusion will prevent a party from relitigating a legal claim that was or could have been the subject of a previously issued final judgment." *MACTEC, Inc. v. Gorelick*, 427 F.3d 821, 831 (10th Cir. 2005). It requires "(1) a final judgment on the merits in an earlier action; (2) identity of the parties in the two suits; and (3) identity of the cause of action in both suits." *Id.* at 831. The district court held that all three elements were satisfied in this case based on Plaintiff's prior suit against the same defendant in the United States District Court for the District of Nevada. *See Greene v. Logisticare Solutions, LLC*, No. 2:15-cv-00523-RFB-NJK, 2017 WL 1100902, at *1 (D. Nev. Mar. 21, 2017).

Plaintiff does not raise any meritorious challenge to this ruling. He appears to argue that the Nevada judgment should not have preclusive effect because he sought to transfer that case to another venue before judgment. But if there was any problem with venue, he is not the one who could complain. "[P]laintiff, by bringing the suit in a district other than that authorized by the statute, relinquished his right to object to the venue." *Olberding v. Ill. Cent. R. Co.*, 346 U.S. 338, 340 (1953). He also suggests that he had some difficulty sending mail to the District of Nevada over the course of the litigation. But he does not explain how that difficulty impeded his ability to pursue his claims. As the district court in this case described, Plaintiff was permitted to file multiple amended pleadings, received several extensions of time, submitted briefing in response to Logisticare's motions to dismiss, and participated in person at the hearing on Logisticare's request for dismissal. Finally, he incorrectly asserts that this court

2

authorized him to pursue this claim in Colorado because we granted his motion to voluntarily dismiss his appeal from denial of an attempt to pursue this claim in the District of Utah. But our order of dismissal (which said nothing about authorizing anything other than the dismissal) could not possibly have any bearing on the preclusive effect of a judgment from the District of Nevada in an entirely separate case.

We **AFFIRM** the district court's judgment. We **DENY** Plaintiff's motion to proceed in forma pauperis.

Entered for the Court


Harris L Hartz
Circuit Judge

3