Joseph FRANK, Plaintiff,

v.

Herbert BROWNELL, Jr., Attorney General of the United States, Defendant.

Civ. A. No. 4252–55.

United States District Court, District of Columbia.

April 4, 1957.

Jack Wasserman, Chester C. Shore, Washington, D. C., for plaintiff.

Oliver Gasch, U. S. Atty., Joseph M. F. Ryan, Jr., Asst. U. S. Atty., Washington, D. C., for defendant.

PINE, District Judge.

This is an action seeking "a declaratory judgment under the Declaratory Judgments Act (28 U.S.C. § 2201), and for review under the Administrative Procedure Act (5 U.S.C. § 1001 et seq.)." Plaintiff, born in Russia, claims to be a citizen of the United States on the ground that his father was naturalized as a citizen before plaintiff attained the age of 21 years. In 1954 he was arrested under the provisions of the Immigration and Nationality Act of 1952, § 241(a) (11), 8 U.S.C.A. § 1251 (a) (11) on a warrant charging him with being an alien and subject to deportation because he had been convicted of a violation of the United States Narcotic Laws. After hearing, the special inquiry officer

found him to be an alien and subject to deportation, and ordered him deported. On appeal, the Board of Immigration Appeals affirmed the decision of the special inquiry officer.

Plaintiff contends that the decision of the Board of Immigration Appeals is illegal and not based upon reasonable, substantial, and probative evidence, and that he is not subject to deportation. He prays a judgment declaring that the deportation order is null and void and that his alienage has not been established as required by law because of a prior contrary finding by defendant's predecessor and because of a misapplication of the law with reference to burden of proof.

In answer, defendant avers that plaintiff never acquired United States citizenship, in that he was over the age of 21 at the time of his father's naturalization. He further denies the averment of illegality of the hearing.

Defendant has moved for summary judgment.

■ So far as the complaint seeks review under the Administrative Procedure Act, 5 U.S.C.A. § 1001 et seq., the record of the Immigration and Naturalization Service, made an exhibit herein, discloses that the action, findings, and conclusions of defendant are not arbitrary, capricious, or an abuse of discretion, are in accordance with law, and are supported by substantial evidence.

Defendant's motion for summary judgment should therefore be granted, so far as the action seeks review under the Administrative Procedure Act. But plaintiff now contends, after filing of answer and motion for summary judgment, that his complaint, perhaps "inartistically or negatively," raises the issue of his nationality, and that he is entitled to trial de novo thereon. There can be no dispute as to the validity of that contention, in view of the provisions of 8 U.S.C.A. § 1503, hereinafter discussed. But there is left the question whether the trial de novo may be had in this court, over the opposition of defendant, or must be in the United States District Court of the district where plaintiff resides or claims a residence, namely Pittsburgh, Pennsylvania.

The governing statute is the Immigration and Nationality Act of 1952, more particularly in Section 360 thereof, found in 8 U.S.C.A. § 1503. Subsection (a) of this section of the Act provides that "if any person who is *within* the United States claims a right or privilege as a national of the United States and is denied such right or privilege by any department * * * or official thereof, upon the ground that he is not a national of the United States, such person may institute an action under the provisions of section 2201 of Title 28 [Declaratory Judgments Act] against the head of such department * * * for a judgment declaring him to be a national of the United States * * * ". It further provides that "an action under this subsection * * * *shall be filed in the district court of the United States for the district in which such person resides or claims a residence, and jurisdiction over such officials in such cases is conferred upon those courts*" (Italics supplied). This would seem to settle the question if words are given their ordinary meaning, and plaintiff should bring his action in the United States District Court for the Western District of Pennsylvania, where he resides, for a declaratory judgment on the issue of his nationality.

However, plaintiff claims that the problem is one of venue, and no objection to venue having been raised prior to answer, it is waived under Rule 12(h) Fed.Rules Civ.Proc., 28 U.S.C. Plaintiff also contends that relief under this subsection is not exclusive, in that the statute has not abolished relief under the general Declaratory Judgment Act or the Administrative Procedure Act. With this there can be no disagreement, but I do not follow plaintiff's conclusions therefrom as hereinafter discussed.

■ Taking up the first point, as to waiver, I am of the opinion that the waiver provision of Rule 12(h) F.R.C.P. is not applicable, because the complaint

as drawn is insufficient to put defendant on notice that plaintiff was seeking a trial de novo on the issue of his nationality under 8 U.S.C.A. § 1503,[1] and therefore failure to move to dismiss prior to answer, on the ground of venue, cannot properly be attributed to defendant as a waiver. Furthermore his complaint, so far as it sought review under the Administrative Procedure Act, was properly brought here. It could also have been brought in the District Court of his residence. Shaughnessy v. Pedreiro, 349 U.S. 48, 75 S.Ct. 591, 99 L.Ed. 868.

■ With relation to the contention that to remit him, under 8 U.S.C.A. § 1503, supra, to another jurisdiction, would abolish the general Declaratory Judgment Act and the Administrative Procedure Act, it is necessary only to call attention to the fact that the statute in question, remitting him to that jurisdiction, expressly confers the right to proceed under the Declaratory Judgments Act. Instead of abolishing it, the statute recognizes it and sets it up as the procedure to be followed in contesting a denial of a right or privilege as a national. With reference to the Administrative Procedure Act, I fail to see how his rights thereunder would be abolished, when plaintiff's right to proceed has been fully accorded him as above set forth, although relief is denied. But plaintiff further contends that *this* court should proceed to a trial de novo under 5 U.S.C.A. § 1009(e) (6), Section 10 of the Administrative Procedure Act. That section provides that agency action shall be set aside where "unwarranted by the facts to the extent that the facts are subject to trial de novo by the *reviewing court*." (Italics supplied.) This has no application, because as hereinabove discussed, the "facts" in respect of nationality are not subject, under the statute 8 U.S.C.A. § 1503, supra, to "trial de novo" by *this* court, i. e., the "reviewing court" of the administrative proceedings. Moreover, the legislative history shows

this section has no application to cases where an administrative record has been made, as here. Senate Document 8, 79th Congress, page 214. See also Wong Wing Foo v. McGrath, 9 Cir., 196 F.2d 120.

As to the exclusiveness of the venue provision of this statute, I find little ground for debate, absent waiver. The subsection provides that the action "shall be filed" in the District Court of plaintiff's residence, and this subsection is a substitute for the previous provision on this point contained in Section 503 of the Act of 1940 (formerly found in old 8 U.S.C. § 903, 54 Stat. 1171). Therein a person who claimed a right as a national, which was denied on the ground that he was not a national of the United States, was permitted to institute an action "in the District Court of the United States for the District of Columbia or in the district court of the United States for the district in which such person claims a permanent residence for a judgment declaring him to be a national of the United States." It thus appears that Congress clearly intended by this change in the statute to remove from this court cases of this character where a plaintiff is a non-resident.

Plaintiff apparently overlooks the fact that a declaratory judgment is only a procedural device, and is the device utilized in the 1940 statute when it stated that the action might be brought in both jurisdictions "for a judgment declaring" the relief sought and also in the 1952 Act which refers to the Declaratory Judgment Act expressly. In both instances, the statute provides where the actions shall be brought and what procedure shall be utilized. In the 1952 Act, Congress limited the venue previously conferred upon the United States District Court for the District of Columbia, by omitting the former nation-wide provision. Having prescribed where the relief herein sought should be obtained, it is not for me to say, by refinement of

---

1. Plaintiff practically admits this when, in his "Reply Memorandum," he states that "if this is alleged inartistically or nega-

tively, then we ask leave to allege the claim of citizenship artistically and positively."

reasoning, that Congress meant something else. Moreover, it should be stated that this is not a case where hewing to the letter of the law produces hardship, because plaintiff's right to relief is preserved. There is no reason in this instance to give support to the ancient aphorism that hard cases make bad law, for this is not a "hard" case where relief could not be sought elsewhere when denied here for want of venue.

The action, considering it as a complaint for a trial de novo on the issue of plaintiff's nationality, should therefore be dismissed without prejudice to instituting it in the jurisdiction provided in 8 U.S.C.A. § 1503. Counsel will submit orders accordingly.