R. S. MIKESELL ASSOCIATES, a
co-partnership, Plaintiff,

v.

GRAND RIVER DAM AUTHORITY,
Defendant.

No. 77–251–C.

United States District Court,
E. D. Oklahoma.

Nov. 9, 1977.

Floyd L. Walker, Tulsa, Okl., for plaintiff.

Thomas R. Brett, Deryl L. Gotcher, Tulsa, Okl., for defendant.

## ORDER

DAUGHERTY, District Judge.

This is a breach of contract action in which it is asserted that the Court has subject matter jurisdiction by reason of diversity of citizenship and amount in controversy pursuant to 28 U.S.C. § 1332. Defendant has filed herein an Objection to Venue and Motion to Transfer and a Brief in support thereof wherein Defendant asks the Court to transfer this action to the United States District Court for the Northern District of Oklahoma. Plaintiff has filed a Response and supporting Brief opposing Defendant's Motion.

In support of its Motion, Defendant contends that it is a governmental agency with a domicile located by statute in the Northern District of Oklahoma; that Plaintiff's cause of action arose in said district; and that as 28 U.S.C. § 1391(a) is the applicable venue provision, the United States District Court for the Northern District of Oklahoma is the proper forum and where this case should have been brought.

In its Response and Brief in opposition to Defendant's Motion, Plaintiff contends that Defendant is a corporate entity and therefore 28 U.S.C. § 1391(c) determines the venue of this action; and that Defendant is "doing business" in the Eastern District of Oklahoma. Thus, venue is proper in the Eastern District of Oklahoma.

Defendant was created by 82 Okl.Stat. 1971 § 861 which provides in part:

"There is hereby created within the State of Oklahoma a conservation and reclamation district to be known as 'Grand River Dam Authority' (hereinafter called the District), and consisting of that part of the State of Oklahoma which is included within the boundaries of the Counties of Adair, Cherokee, Craig, Delaware, Mayes, Muskogee, Ottawa, Osage, Tulsa, Wagoner, Sequoyah, McIntosh, Creek, Okmulgee and Rogers. *Such district shall be, and is hereby declared to be a governmental agency, body politic and corporate*, with powers of government and with authority to exercise the rights, privileges, and functions hereinafter specified, including the control, storing, preservation and distribution of the waters of the Grand River and its tributaries, for irrigation, power and other useful purposes and reclamation and irrigation of arid, semi-arid and other lands needing irrigation, and the conservation and development of the forests, water and hydro-electric power of the State of Oklahoma." (Emphasis added).

82 Okl.Stat.1971 § 866 established the domicile and principal office of Defendant and provides in part:

"The domicile of the District shall be in the City of Vinita, County of Craig, where the District shall maintain its principal office in charge of its general manager, until otherwise designated by the affirmative vote of four (4) directors."

 The venue statute applicable to this action is 28 U.S.C. § 1391 which provides in pertinent part as follows:

"(a) A civil action wherein jurisdiction is founded only on diversity of citizenship

may, except as otherwise provided by law, be brought only in the judicial district where all plaintiffs or all defendants reside, or in which the claim arose.

. . . . .

(c) A corporation may be sued in any judicial district in which it is incorporated or licensed to do business or is doing business, and such judicial district shall be regarded as the residence of such corporation for venue purposes."

For the purposes of 28 U.S.C. § 1391(a), "residence" means "domicile." *Lee v. Hunt,* 410 F.Supp. 329 (M.D.La.1976). 28 U.S.C. § 1391(c) has been held to constitute the definition of corporate "residence" applicable in determining the same under the diversity venue provisions of § 1391(a). *Pure Oil Co. v. Suarez,* 384 U.S. 202, 86 S.Ct. 1394, 16 L.Ed.2d 474 (1966).

█ In the instant case, if Defendant is not a corporation within the meaning of § 1391(c) and 82 Okl.Stat.1971 § 866 is determinative of Defendant's residence for venue purposes then under § 1391(a), the proper venue of this action would be in the Northern judicial district of Oklahoma as Defendant's domicile is located in said district by statute. However, it has long been held that States, by their laws, cannot control, expand or restrict the venue of federal district courts. *State Public School Building Authority v. Maryland Casualty Co.,* 127 F.Supp. 902 (M.D.Pa.1955); *Buffington v. Vulcan Furniture Mfg. Corp.,* 94 F.Supp. 13 (W.D.Ark.1950); *see Miller v. Davis,* 507 F.2d 308 (6th Cir. 1974); *Steel Motor Service, Inc. v. Zalke,* 212 F.2d 856 (6th Cir. 1954). To allow § 866 to determine Defendant's residence for venue purposes in this action would have the effect of permitting State law to control and restrict the venue of the federal courts in Oklahoma. Therefore, the Court declines to follow § 866 in determining Defendant's residence for the purposes of 28 U.S.C. § 1391.

█ Shortly after Defendant was created by 82 Okl.Stat.1971 § 861, the Oklahoma Supreme Court determined in *Sheldon v. Grand River Dam Authority,* 182 Okl. 24, 76 P.2d 355 (1938), that the Grand River Dam Authority was a "governmental agency or public corporation, with limited powers." Therefore, as 28 U.S.C. § 1391(c) applies to "corporations" and is not specifically limited to private corporations, the Court finds that Defendant is a "corporation" within the meaning of that section. Furthermore, as Plaintiff has alleged in its Complaint herein that Defendant "conducts business within the Eastern District of the United States District Court of the State of Oklahoma," the Court finds and concludes that § 1391(c) is the applicable venue statute in this case and that venue herein is proper in this Court under said statute. Accordingly, Defendant's Motion to Transfer this case to the United States District Court for the Northern District of Oklahoma should be overruled.

Defendant is ordered to answer the Complaint herein within 20 days from this date.

It is so ordered this 9th day of November, 1977.