**Eddie MANLEY, Individually, and as Administratrix of the Estate of Shirley Hall, Plaintiff-Appellee,**

v.

**Leve T. ENGRAM, Defendant-Appellant.**

**No. 84–8347.**

United States Court of Appeals, Eleventh Circuit.

March 22, 1985.

David R. Smith, Savannah, Ga., for defendant-appellant.

Randell C. Roberts, Tyler, Tex., Joseph B. Bergen, Savannah, Ga., for plaintiff-appellee.

Before JOHNSON and HATCHETT, Circuit Judges, and LYNNE [*], District Judge.

LYNNE, District Judge:

This is an appeal from an interlocutory order transferring the action from the United States District Court for the Southern District of Georgia, where it was originally filed, to the United States District Court for the Middle District of Florida. The transfer was ordered pursuant to 28 U.S.C. § 1406(a). Because we believe that the peculiar facts of this case justified a § 1406(a) transfer, we affirm.

## FACTS AND PROCEEDINGS BELOW

This appeal presents novel questions arising under the federal transfer-for-improper-venue statute, 28 U.S.C. § 1406(a). The questions arise out of the following facts. Shirley Hall, the daughter of plaintiff-appellee Eddie Manley, was killed on May 3, 1981, when a car driven by defendant-appellant Engram collided with her vehicle in West Germany. Both Hall and Engram were, at the time of the accident, members of the United States Military serving in West Germany.

Both plaintiff Manley and her daughter Shirley Hall maintained permanent residence in Smith County, Texas. For nearly two years after the accident, Ms. Manley tried in vain to determine the permanent residence of defendant Engram so that she could file this wrongful death action in the proper forum. Just a few days before the two-year anniversary of the wreck, however, Ms. Manley received information that Engram and his family were then residing near Ft. Stewart, Georgia. With Georgia's two-year statute of limitations for wrongful death actions [1] about to expire, plaintiff Manley, individually and as executrix of the decedent's estate, filed suit in the United States District Court for the Southern District of Georgia, believing that venue was proper there because defendant maintained his home and family in the district, and appeared to reside there.

Following service of process, defendant Engram filed a motion to dismiss or quash alleging insufficiency of service of process, lack of personal jurisdiction, a bar under the two-year statute of limitations, and improper venue. However, defendant failed and thereafter refused through his counsel [2] to disclose his true permanent residence for venue purposes. Finally, some eight months into the litigation and four

---

[*] Honorable Seybourn H. Lynne, U.S. District Judge for the Northern District of Alabama, sitting by designation.

1. *See Official Code of Georgia Annotated* § 9-3-33.

2. As was conceded at oral argument, even the defendant's own attorneys (called in to defend the case by the insurer of the vehicle which defendant was driving at the time of the accident) were unable to determine the defendant's true residence until well into the litigation. This explains the fact that they initially objected to venue in Georgia, but later conceded venue when they learned that Georgia law was more favorable for their client than the law of Florida, his true residence. (Record at 12-13, 103-105).

months after he had assented to venue in his answer, defendant Engram responded to discovery efforts by stating that, although he was stationed at Ft. Stewart at the time of the filing and maintained his home and family there, he had at all relevant times "considered" his permanent residence and domicile to be Duval County, Florida.

 At this point, plaintiff Manley immediately amended her complaint to reflect defendant's true residence and the fact that venue and jurisdiction were both proper only in the Middle District of Florida.[3] Contemporaneously, Manley moved to transfer venue to the Middle District of Florida. This motion was granted by the district court pursuant to 28 U.S.C. § 1406(a), which provides for transfer of venue of any case "laying venue in the wrong division or district."[4]

It appears to be conceded that plaintiff objected to venue as soon as she discovered her error of venue, and that she could not in the exercise of due diligence have discovered the defendant's true residence at any earlier time.[5] However, defendant Engram contends that merely by filing suit in the Southern District of Georgia, plaintiff auto-matically waived her right to object to the improper venue there, notwithstanding the fact that no one but the defendant could reasonably have known at the time the suit was filed that he "considered" his true residence to be in Florida.

 The reason the defendant has objected to the transfer of venue, of course, is that when a case is transferred under § 1406(a), the transferee court must apply the choice of law rules of the state in which it sits[6]—in this case, Florida. Florida courts, applying the "most significant relationships" test as embodied in the Restatement (Second) of Conflict of Laws (1971), see *Bishop v. Florida Specialty Paint Co.,* 389 So.2d 999 (Fla.1980), would probably recognize plaintiff's cause of action for wrongful death under either Texas or Florida law. Georgia courts, following the old "lex loci delicti" choice-of-law rule for tort actions, see *Wallace v. Harrison,* 166 Ga. App. 461, 304 S.E.2d 487 (1983), would probably apply German substantive law, which apparently would not recognize plaintiff's right of action. *Compare* Tex. Rev.Civ.Stat.Ann. art. 4671, *et seq.,* and Fla.Rev.Stat. § 768.16, *et seq., with* West German Civil Code § 844.[7]

3. It is well settled that an individual's mere residence in a state is not enough for purposes of establishing the propriety of venue there. Rather, it is the individual's "permanent" residence—*i.e.,* his domicile—that is the benchmark for determining proper venue. *See Shaw v. Quincy Mining Co.,* 145 U.S. 444, 12 S.Ct. 935, 36 L.Ed. 768 (1892); *MacNeil v. Whittemore,* 254 F.2d 820 (2d Cir.1958); *King v. Wall & Beaver St. Corp.,* 145 F.2d 377, 79 U.S.App.D.C. 234 (1944); *R.S. Mikesell Associates v. Grand River Dam Authority,* 442 F.Supp. 229 (E.D.Okl.1977); *Lee v. Hunt,* 410 F.Supp. 329 (D.C.La.1976); *Smith v. Murchison,* 310 F.Supp. 1079 (S.D.N.Y. 1970); *Finger v. Masterson,* 152 F.Supp. 224 (D.C.S.C.1957). Residence in this sense often turns upon the subjective factor of intent, for a person's domicile is that place where he has his true, fixed, and permanent home, and to which he has the intention of returning in the future although he may presently be absent therefrom. *See Mas v. Perry,* 489 F.2d 1396, 1399–1400 (5th Cir.1974), *cert. denied,* 419 U.S. 842, 95 S.Ct. 74, 42 L.Ed.2d 70 (1974); *Stine v. Moore,* 213 F.2d 446, 448 (5th Cir.1954); *Welsh v. American Surety Co. of New York,* 186 F.2d 16, 17–18 (5th Cir.1951); *Lee v. Hunt,* 410 F.Supp. at 332. As will be seen below, it is the subjective nature of

the venue inquiry, coupled with its unavoidable choice of law implications, which mandates the result we reach in this case.

4. The trial court noted that to leave the plaintiff to seek dismissal of the case would work a substantial injustice, since the statute of limitations would probably bar plaintiff from filing suit anew in Florida. (Record at 170–71).

5. In filing her motion to transfer, the plaintiff expressly asserted her due diligence as a justification for transfer. (Record at 153–155). At no time has the defendant sought to controvert this contention.

6. *See Ellis v. Great Southwestern Corp.,* 646 F.2d 1099 (5th Cir.1981).

7. The defendant argues that there is another incentive for him to oppose the transfer. Thus, he argues, assuming plaintiff has a cause of action under applicable substantive law, there is a significant possibility Georgia courts, applying the *lex fori* to determine the character and extent of the available remedy, *see Ohio Southern Express Co. v. Beeler,* 110 Ga.App. 867, 140 S.E.2d 235 (1965), would offer the plaintiff a

## DISCUSSION

■■■ Where a suit is filed in federal court in a district in which venue or personal jurisdiction is improper, and a timely and sufficient objection to the defect is raised, there is a federal statute of general application under which a change of venue ordinarily may be made. That statute provides as follows:

> The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought.

28 U.S.C. § 1406(a).[8] When a transfer for improper venue is granted pursuant to § 1406(a), then "regardless of which party requested the transfer or the purpose behind the transfer, the transferee court must apply the choice of law rules of the state in which it sits." *Ellis v. Great Southwestern Corp.*, 646 F.2d 1099, 1110 (5th Cir.1981).[9] The rationale for this rule in the typical case is quite simple:

> A transfer under § 1406(a) is based not on the inconvenience of the transferor forum but on the impropriety of that forum. If the state law of the forum in which the action was originally commenced is applied following a § 1406(a) transfer, the plaintiff could benefit from having brought the action in an impermissible forum.

*Ellis*, 646 F.2d at 1109, *quoting Martin v. Stokes*, 623 F.2d 469, 472–73 (6th Cir. 1980).[10] In other words, where venue or jurisdiction is improper in the original forum, there is no sound reason for the choice-of-law rules of that forum to govern the controversy and its adjudication by the transferee court.

■■■ There are limits upon the availability of a § 1406(a) transfer and its attendant choice of law consequences. One such limit is that a transfer is proper only to a district in which the suit might have been brought by the plaintiff. *See Ellis*, 646 F.2d at 1104, n. 5.[11] This limitation is

---

narrower range of potential damages than would be available in the courts of Florida. Under Georgia law, only the decedent's surviving husband would have a right to recover damages for the death of Shirley Hall. The plaintiff, as administratrix of decedent's estate, could recover damages only for the decedent's pain and suffering and for the funeral, medical, and other necessary expenses resulting from the injury and death of her daughter. *Official Code of Georgia Annotated* §§ 51–4–3, 51–4–5. *See also Forrester v. Southern Ry. Co.*, 268 F.Supp. 194, 196–97 (N.D.Ga.1967); *Complete Auto Transit, Inc. v. Floyd*, 214 Ga. 232, 104 S.E.2d 208 (1958). Under Florida law, by contrast, the plaintiff in her capacity as administratrix apparently would be entitled to recover for the death of the decedent as well as for certain other expenses and items of damage, despite the fact that the decedent is survived by her husband. *Fla.Rev.Stat.* §§ 768.20, 768.21.

8. Although the statute speaks only of cases where "venue" in the original forum is wrong, it has been held to operate when there exists in the original forum an obstacle—whether incorrect venue, absence of personal jurisdiction, or both—to a prompt adjudication on the merits. *Dubin v. United States*, 380 F.2d 813 (5th Cir. 1967).

9. The *Ellis* decision is binding precedent in the Eleventh Circuit. *See Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir.1981).

10. Compare this result with those that obtain when a transfer is ordered pursuant to 28 U.S.C. § 1404(a), which allows for transfer of venue "[f]or the convenience of parties and witnesses, in the interest of justice." If a § 1404(a) transfer is ordered due in whole or in part to some defect of venue or personal jurisdiction, *see Koehring Co. v. Hyde Construction Co.*, 324 F.2d 295 (5th Cir.1963), then the transferee court must apply the choice-of-law rules of the state in which it sits. *Ellis*, 646 F.2d at 1110. *Accord Roofing & Sheet Metal Services, Inc. v. La Quinta Motor Inns, Inc.*, 689 F.2d 982, 991–992 (11th Cir.1982). However, where venue and jurisdiction are proper in the original forum, but a § 1404(a) transfer is granted for the convenience of parties and witnesses, the transferee court must apply the same state law that the transferor court would have applied. *Van Dusen v. Barrack*, 376 U.S. 612, 84 S.Ct. 805, 11 L.Ed.2d 945 (1964); *La Quinta*, 689 F.2d at 991; *Ellis*, 646 F.2d at 1108–09.

11. Here, of course, there has been no dispute as to the fact that the suit might properly have been filed in the United States District Court for the Middle District of Florida, assuming, of course, that plaintiff had known that Florida was the defendant's true residence.

contained in the statute itself. Another limit is also contained in the statute:

> Nothing in this chapter shall impair the jurisdiction of a district court of any matter involving a party who does not interpose a timely and sufficient objection to venue.

28 U.S.C. § 1406(b).

It is this second limitation upon the availability of a § 1406(a) transfer that forms the crux of the controversy in the case at hand. If the plaintiff's objection to venue was "timely and sufficient," then venue in the original forum was improper and the § 1406(a) transfer was entirely warranted. However, if plaintiff's objection to venue was not timely and sufficient, or if the plaintiff waived her right to object to venue in the Southern District of Georgia by filing suit there, then the § 1406(a) transfer was improper and unwarranted. This is so because venue, despite its very significant choice of law implications, is merely a privilege of the parties, and defects of venue may be waived by the parties. *See Olberding v. Illinois Central Ry. Co.*, 346 U.S. 338, 340, 74 S.Ct. 83, 85, 98 L.Ed. 39 (1953); *Hoffman v. Blaski*, 363 U.S. 335, 343, 80 S.Ct. 1084, 1089, 4 L.Ed.2d 1254 (1960). *See also Brown v. Pyle*, 310 F.2d 95, 96–97 (5th Cir.1962). Indeed, the right to object to improper venue may be waived in any of several ways: by express waiver, by conduct amounting to waiver as a matter of law, or by failure to interpose a timely and sufficient objection. *Goldberg v. Wharf Constructers*, 209 F.Supp. 499, 501–502 (N.D.Ala.1962). *Accord, Libby, McNeill & Libby v. City Nat. Bank*, 592 F.2d 504, 510 (9th Cir.1978). Once objections to venue are waived by the parties, any defect in venue is cured, and the benefits of a § 1406(a) transfer for lack of venue are no longer available. *See Dubin v. United States*, 380 F.2d 813, 815 (5th Cir.1967); *Concession Consultants, Inc. v. Mirisch*, 355 F.2d 369 (2d Cir.1966).

In the case *sub judice*, the defendant expressly assented to venue in his answer. Thus, if the plaintiff waived her right to object to venue as well, there was no defect of venue upon which a § 1406(a) transfer could be predicated.

The general rule, as stated in dicta in *Olberding v. Illinois Central Ry. Co.*, is that the "plaintiff, by bringing the suit in a district other than that authorized by [28 U.S.C. § 1391], [has] relinquished his right to object to venue." 346 U.S. at 340, 74 S.Ct. at 85. However, the *Olberding* dicta does not clearly extend to the present facts. Indeed, the facts of the case *sub judice* present compelling grounds for departing from the general rule. Where, as here, the propriety of venue is obscured because the individual defendant lives in one state but *subjectively* considers another state his permanent residence, and where, as here, the plaintiff who brought suit in the state of defendant's apparent residence could not in the exercise of due diligence have known the defendant's true residence at the time the suit was filed, a waiver of the plaintiff's right to object to the impropriety of venue once it is discovered should not lightly be implied. This is particularly true in light of the very real choice-of-law implications of modern venue doctrines. *See Klaxon Co. v. Stentor Electrical Mfg. Co.*, 313 U.S. 487, 61 S.Ct. 1020, 85 L.Ed. 1477 (1941); *Ellis v. Great Southwestern Corp.*, 646 F.2d 1099 (5th Cir.1981).

If all of the facts had been known or available at the outset, plaintiff obviously would have filed suit in Florida, the only forum with jurisdiction over the defendant in which venue would also be proper. But all of the facts were not available. For all objective appearances, defendant was a resident of Liberty County, Georgia. That was where he maintained his home and family. Subjectively, however, defendant considered Duval County, Florida, to be his permanent home. It is this clash between objective appearances and the critical factor of subjective intent, a matter peculiarly within the knowledge and control of the defendant, that separates this case from the normal situation envisioned by the *Olberding* dicta.

Only in Wonderland could it be said that a plaintiff in this situation "knowingly" waives her objections to venue merely by filing suit where the defendant appears to reside. Apparently, no federal court has addressed the issue of whether a plaintiff can waive a defect in venue of which she has no actual or constructive knowledge.[12]

In the peculiar circumstances of the case at hand, however, we are convinced that a plaintiff who attempts to file in the state of defendant's residence should not be held to have waived her right to select among proper forums in the absence of actual or constructive knowledge of the defendant's true residence. The fairness of such a rule is readily apparent. As the plaintiff points out, defendants may preserve their objections to venue pending discovery of the true facts merely by raising a timely objection to venue under Fed.R.Civ.P. 12(b), thus "buying time" to determine the propriety of venue through the various discovery mechanisms. If even diligent plaintiffs are held to automatically waive all objections to venue upon filing suit, notwithstanding the fact that the propriety of venue may turn on the unascertainable subjective mindset of the defendant, then the plaintiff is left to play a "guessing game," with no means of preserving the venue issue pending discovery.[13] To hold, on the other hand, that the diligent plaintiff who in good faith files suit in the district where defendant apparently resides has not automatically waived

his right to object to venue if discovery reveals that defendant in fact considers another state to be his permanent residence, would provide plaintiffs with a measure of protection very similar to that presently enjoyed by defendants. Allowing a plaintiff to invoke § 1406(a) in these circumstances would be in keeping with the general notion that the provision was intended to correct the injustices that would otherwise result merely because the plaintiff "made an erroneous guess with regard to the existence of some elusive fact of the kind upon which venue provisions often turn." *See Goldlawr, Inc. v. Heiman,* 369 U.S. 463, 466, 82 S.Ct. 913, 915, 8 L.Ed.2d 39 (1962).[14]

The defendant does raise counterarguments. He points out that in *Dubin v. U.S.,* 380 F.2d 813, 815 (5th Cir.1967), the old Fifth Circuit stated generally that "§ 1406 operates in cases where the first forum chosen is improper in the sense that litigation may not proceed there" due to some defect in venue or personal jurisdiction. Where the defendant has waived his objections to venue, the argument goes, there is no longer an obstacle to adjudication on the merits, and therefore § 1406(a) may not be invoked.

This argument, of course, begs the question. Only if the plaintiff has effectively waived her right to object to venue can it be said that there is no longer an obstacle

---

12. The parties have cited no cases which squarely address the issue presented here, and none have been found. Cases such as *Riley v. Union Pacific R. Co.,* 177 F.2d 673 (7th Cir.1949), *cert. denied* 338 U.S. 911, 70 S.Ct. 350, 94 L.Ed. 561 (1950), and *Kostamo v. Brorby,* 95 F.Supp. 806 (D.Neb.1951), which are relied upon by the appellant for the proposition that § 1406 transfers are generally not permitted where the defendant has waived its objections to venue and personal jurisdiction, are not apposite here. Those cases did not involve plaintiffs who exercised good faith and due diligence in filing suit in the district of an individual defendant's apparent residence, only to discover that defendant subjectively considered another state his true residence. Thus, the holdings of those cases are not particularly informative in regard to the problem at hand.

13. To say that the plaintiff is always free to file suit in the most advantageous venue and then

wait and see if the defendant objects is to encourage blatant and unmitigated forum-shopping. Moreover, as a practical matter, plaintiffs cannot afford to follow this practice. *See Dubin v. United States,* 380 F.2d 813, 816 n. 5 (5th Cir.1967) (it is not "in the interest of justice" to aid a nondiligent plaintiff who knowingly files a case in the wrong district by transferring the case under 28 U.S.C. § 1406(a) rather than dismissing it).

14. Such a holding would also be consistent with § 1406(b): "Nothing in this chapter shall impair the jurisdiction of a district court of any matter involving a party who does not interpose a timely and sufficient objection to venue." The reference to "party" rather than "defendant" lends support to the ability of the plaintiff to raise venue defects and invoke § 1406(a).

to adjudication on the merits. Moreover, the argument overlooks the fact that *Dubin* and cases following it, *see, e.g., Ellis v. Great Southwestern Corp.*, 646 F.2d 1099 (5th Cir.1981), and *Roofing & Sheet Metal Services, Inc. v. La Quinta Motor Inns, Inc.*, 689 F.2d 982 (11th Cir.1982), are primarily concerned with ensuring that the proper state's choice of law rules apply when a transfer is granted. Where the plaintiff brings suit in an improper forum and the *defendant* raises a timely objection resulting in transfer under § 1406(a) or § 1404(a), the transferee court's choice of law rules must be applied in order to prevent a plaintiff from suing in a forum lacking personal jurisdiction or venue "for the purpose of capturing the law of that jurisdiction for transportation to the jurisdiction in which service can be obtained." *La Quinta*, 689 F.2d at 992, *quoting Ellis*, 646 F.2d at 1108. Since the original forum was not a proper one to begin with, no sound reason exists to apply that forum's choice of law rules. Conversely, where a diligent *plaintiff* in good faith files suit in the district where the individual defendant appears to reside but actually does not, and objects to venue as soon as the defendant's true residence is revealed, again no sound policy compels application of the original forum's choice of law rules. In these circumstances, the filing of the suit in the original forum was accidental and fortuitous at best. The forum state has little or no interest in the application of its choice of law principles to such a controversy. It seems clear that at least where the defendant's apparent residence and his actual residence differ, a defendant should not be permitted to "capture" the choice of law rules of a state that is the residence of neither party and has nothing to do with the controversy merely by remaining silent as to his true residence until after suit is filed.[15] Surely neither *Dubin* nor *Olberd-*

*ing* mandated (or even contemplated) such an unconscionable result.

The defendant makes one further argument, however. He argues that if the plaintiff can be granted a transfer over defendant's objection, then the federal diversity plaintiff will enjoy an unfair advantage over those tort plaintiffs who file their actions in state court. In federal court the plaintiff can secure a transfer upon learning the defendant's true residence, while in state court, a transfer is not available. This, he argues, is an improper encouragement of forum-shopping and a violation of the constitutional guarantee of equal protection.

This argument suffers many flaws. First, the plaintiff in the situation at hand is not asking to be allowed to be given carte blanche to "forum shop" as she pleases. She is only asking to be allowed to make the knowing but limited choice among *proper* forums that the federal venue provisions and personal jurisdiction principles say she is entitled to. Moreover, it is hard to see a violation of equal protection in the fact that, in many cases, federal plaintiffs can secure a transfer whereas state plaintiffs could not. In fact, if there is no statute of limitations problem, the state court plaintiff can always secure the practical benefits of a § 1406(a) transfer simply by voluntarily dismissing the suit and refiling in the forum of defendant's true residence. Even if there is a statute of limitations problem that bars this maneuver, allowing the federal case to be transferred still would not present equal protection problems. If neither the state court plaintiff nor the federal court defendant is deprived of equal protection when the federal defendant raises a valid objection to jurisdiction or venue and a transfer is granted over the defendant's objection (even though a state court in similar circumstances could only dismiss),[16] then

---

**15.** *Cf. Blaski v. Hoffman*, 260 F.2d 317, 321 (7th Cir.1958), *affirmed* 363 U.S. 335, 80 S.Ct. 1084, 4 L.Ed.2d 1254 (1960) (a defendant should not be permitted to capture by artifice the law of a forum not available to the plaintiff as a matter of right, over plaintiff's objection).

**16.** This is the normal situation for transfer under § 1406(a), and the courts have never considered the utilization of § 1406(a) to cure jurisdiction or venue defects raised by the defendant to be a violation of equal protection. *See generally Ellis v. Great Southwestern Corp.*, 646 F.2d at 1110.

clearly there is no violation of equal protection when the federal *plaintiff* objects to venue and a transfer is ordered over the defendant's objection. In either case, there are differences in result. If the suit was filed in federal court, a transfer under § 1406(a) is possible. If the suit was filed in state court, the plaintiff has no similar option. But these differences in result are functions of the inherent differences in the federal and state systems. Unlike state systems, the federal system is composed of districts in different states with different substantive laws. Obviously, the policy of treating diversity litigants and state court litigants equally can never be fully effectuated in the venue context because of the separate and unique procedural and quasi-procedural rules attendant to litigation in each system. However, that in itself has never been thought to establish a violation of equal protection.[17]

## CONCLUSION

■ The one fundamental point that should be kept in mind in analyzing the issues presented here is that although venue is largely a principle of litigational convenience, it is inextricably intertwined with choice of law problems and often with the outcome of the case on the merits. *See Klaxon Co. v. Stentor Electrical Mfg. Co.,* 313 U.S. 487, 61 S.Ct. 1020, 85 L.Ed. 1477 (1941); *Ellis v. Great Southwestern Corp.,* 646 F.2d 1099 (5th Cir.1981). Given this critical fact, it seems clear that, at least where a defendant's apparent residence and his actual residence differ, a defendant should not be permitted to "capture" the choice of law rules of a state that is the residence of neither party and has nothing to do with the controversy merely by remaining silent as to his true residence until after suit is filed. For these reasons, we hold that where a diligent plaintiff files suit in good faith in the district of the individual defendant's apparent residence, but later discovers that defendant subjectively considers another state his permanent residence, the plaintiff will not be deemed to have automatically waived his right to object to venue in the original forum or to seek a transfer under § 1406(a).

It is important to emphasize that this holding is confined to the narrow and peculiar facts of this case.[18] It applies only in

---

**17.** It should be noted that our decision today does not compel (or even allow) application of the choice of law rules of a state in which personal jurisdiction over the defendant could not be obtained. As noted in *Ellis v. Great Southwestern Corp.,* that result might indeed be "constitutionally proscribed." 646 F.2d at 1110, n. 11. *See also Roofing & Sheet Metal Services, Inc. v. La Quinta Motor Inns, Inc.,* 689 F.2d at 992. We need not decide that question, however, for today's decision raises no such spectre. To the contrary, the rule we announce today simply results in a transfer of venue to the district of the defendant's true residence and domicile. Application of the choice of law rules of the state of defendant's own residence and domicile obviously would not raise the constitutional questions highlighted by the Court in *Ellis* and *La Quinta.*

**18.** We note in passing that some federal courts have permitted *defendants* who fail to meet the time requirements for objecting to improper venue because they had no reasonable basis for previously suspecting improper venue to successfully raise the venue defect when it later becomes apparent. Those courts based their conclusions on the principle that waiver presupposes knowledge of (or a reasonable basis for

suspecting) the defect in venue. *See, e.g., Lehigh Valley Coal Co. v. Washko,* 231 F. 42 (2d Cir.1916) (where defendant had no knowledge that plaintiff was an alien, defendant's joining issue on the merits and going to trial held not to be a waiver of his privilege to be sued only in the district of his residence, and defendant was therefore entitled to raise the question of venue when alienage was first disclosed at trial); *Frank v. Brownell,* 149 F.Supp. 928 (D.D.C.1957) (defendant's failure to timely object to improper venue not a waiver where defendant has no actual or constructive knowledge of venue defect). While the rationale of such cases obviously lends support to the result we reach today, it must be emphasized that the propriety of an untimely objection to venue by a defendant is not at issue here. Since Fed.R.Civ.P. 12(b) generally provides defendants (unlike plaintiffs) with a ready mechanism for protecting themselves against unknowing waiver of latent defects in venue, it is not clear that defendants need the further protection of a rule analogous to the one the Court announces today. Therefore, we decline to reach the issues presented in *Washko* and *Brownell.* The propriety of untimely objections by defendants to latent defects of venue is a question which we simply leave for another day.

cases where the propriety of venue is obscured because the defendant appears to reside in the original forum but subjectively considers another state his true permanent residence. Moreover, the rule we announce today is not intended to protect the non-diligent plaintiff who could have discovered the defendant's true residence prior to filing suit, but did not make a reasonable effort to do so. Nor is it intended to sanction open and blatant forum-shopping by plaintiffs who knowingly file suit in their preferred forum without a good faith belief that venue is proper there. *Cf. Dubin v. United States,* 380 F.2d 813, 816 n. 5 (5th Cir.1967).[19] In either of these situations, any objection to venue by the plaintiff subsequent to the filing of the complaint would not be "timely and sufficient," and therefore a transfer under § 1406 would not be "in the interest of justice." *See* 28 U.S.C. § 1406(b).

Similarly, our holding today has no application where the defendant is a corporation rather than an individual. With due diligence, a plaintiff can almost always determine the propriety of venue in a preferred forum when the suit contemplated is one against a corporation. This is particularly true in light of the more lenient venue provisions governing suits against corporations, under which a corporation is deemed to be a resident of "any judicial district in which it is incorporated" as well as of any judicial district in which it is "licensed to do business or is doing business." 28 U.S.C. § 1391(c). These provisions generally offer a plaintiff a number of potential districts in which venue may be properly laid, and much more objective standards by which the propriety of venue in any given district may be determined. Thus, where the defendant is a corporation and has waived its objections to venue and jurisdiction in the

original forum, it is extremely unlikely that an objection to venue raised by the plaintiff subsequent to filing could ever be timely and sufficient so as to warrant a § 1406 transfer.[20]

In short, today's decision makes but one small incision into the general rule enunciated in *Olberding:* where a plaintiff files suit *in good faith* in the district of the *individual* defendant's *apparent residence,* but later discovers that the individual defendant *subjectively* considers another state or district to be his permanent residence, then so long as the *plaintiff could not in the exercise of due diligence have discovered the defendant's true residence prior to filing suit,* the plaintiff will not be deemed to have automatically waived her right to object to venue in the original forum or to seek a transfer under § 1406(a). Outside this narrow factual setting, which obviously is a very rare one, the rule of *Olberding* will prevail, and a plaintiff will be barred from seeking a § 1406 transfer based upon objections to venue raised by the plaintiff after the suit is filed. So restricted, we believe that this rule best accommodates the federal policy against forum-shopping with the inescapable choice-of-law consequences of our modern venue doctrines.

The order of transfer issued by the court below is hereby AFFIRMED.

---

**19.** *See* note 6, *supra.*

**20.** Indeed, even with respect to cases involving individual defendants, we do not foresee that the situation with which we are confronted here will often arise. Except where the defendant is a student, an employee on temporary assignment out of state or overseas, or, like defendant Engram, in the military, it will be rare that the defendant's actual residence for venue purposes will be different from his apparent residence. Even in these few situations, the surrounding circumstances may be such that a diligent plaintiff could reasonably have discovered the defendant's true residence prior to filing suit. In such cases, of course, objections to venue raised by the plaintiff after the filing of the suit would be untimely and insufficient to warrant a § 1406 transfer. *See* 28 U.S.C. § 1406(b).