[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 14-12958
Non-Argument Calendar
_____

D.C. Docket No. 2:14-cv-00148-SPC-DNF

GARY WOODROFFE,

Plaintiff-Appellant,

versus

STATE OF FLORIDA,
LIZABETH LYNN LOTSEY,
LEE HAWORTH,
12th Circuit Judge,
DEBORAH JOHNES RIVA,
12th Circuit Judge,
MALINDA PARKER OTTINGER,
Attorney General, et al.,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(August 7, 2015)

Before WILLIAM PRYOR, MARTIN and ANDERSON, Circuit Judges.

PER CURIAM:

Gary Woodroffe appeals *pro se* the dismissal of his case following his removal of a domestic relations action from a Florida court. The district court dismissed Woodroffe's case based on improper venue and his failure to attach pleadings that were served on him in state court. Because those defects are procedural and the district court lacked the authority to dismiss Woodroffe's notice of removal *sua sponte*, we vacate the order of dismissal and remand for further proceedings.

The district court adopted the recommendations of the magistrate judge to deny Woodroffe's application to proceed as an indigent and to dismiss his case. The district court determined that Woodroffe "failed to cure the deficiencies" in his notice of removal; he had "failed to show why the Court should dispense with the geographical requirement," 28 U.S.C. § 1441(a); and he had "failed to file a copy of process, pleadings, and other orders served on him in the state action," *id.* § 1446(a), M.D. Fla. R. 4.02(b). The district court "examined the exhibits [Woodroffe] filed with his original Notice of Removal," but without a copy of the "underlying complaint" in the state action, the district court could not "make any determination whether the removal of [the] case [was] proper."

2

We review *de novo* issues involving the jurisdiction of the district court. *Hollis v. Florida State Univ.*, 259 F.3d 1295, 1298 (11th Cir. 2001).

Woodroffe's notice of removal was procedurally defective. "[T]o remove any civil action from a State court[, a defendant] shall file in the district court of the United States for the district and division within which such action is pending a notice of removal . . . together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action." 28 U.S.C. § 1446(a). Woodroffe filed his notice of removal in an improper venue, and he failed to attach any pleadings that were served on him in state court. Those defects are procedural, but do not deprive a district court of subject matter jurisdiction. *See Peterson v. BMI Refractories*, 124 F.3d 1386, 1394 (11th Cir. 1997) ("[F]ailure to comply with the geographic requirements of § 1441(a) is a procedural defect that does not deprive a district court of subject matter jurisdiction in a removed case."); *Cook v. Randolph Cnty., Ga.*, 573 F.3d 1143, 1150 (11th Cir.  2009) ("[T]he failure to include all state court pleadings and process with the notice of removal is procedurally incorrect but is not a jurisdictional defect."). Improper venue can be waived, *see Manley v. Engram*, 755 F.2d 1463, 1468 (11th Cir. 1985) ("[T]he right to object to improper venue may be waived."), and the district court can remedy a scarcity of supporting documents, *see* 28 U.S.C. § 1447(b) (providing that the district court "may require the removing party to file . . . copies of all records and

3

proceedings in such State court or may cause the same to be brought before it by writ of certiorari issued to [the] State court").

The district court erred when it dismissed Woodroffe's case *sua sponte* for procedural defects in his notice of removal. *See Hollis*, 259 F.3d at 1299–1300. When a notice of removal contains "any defect other than lack of subject matter jurisdiction," the district court may remand the action to state court based on a timely motion to remand. 28 U.S.C. § 1447(c). But the district court may not act *sua sponte*; "the district court must wait for a party's motion before remanding a case based on [a] procedural defect." *Whole Health Chiropractic & Wellness, Inc. v. Humana Med. Plan, Inc.*, 254 F.3d 1317, 1321 (11th Cir. 2001). Because the district court exceeded its authority, we vacate the order that dismissed Woodroffe's notice of removal and remand for further proceedings. We express no opinion on whether the district court has subject matter jurisdiction over this case.

**VACATED AND REMANDED.**

4